MARIANNA CLARK, Respondent, v. ALFRED MOSHER, as Administrator, etc., Appellant.

Whare, in an action at law, a third party, claiming to own the cause of action, has been brought in and substituted as defendant and the original defendant has been discharged, on payment into court of the amount of the demand, in pursuance of the provision of the Code of Civil Procedure (§ 820), the action thereafter becomes an equitable one, triable by the court, and neither party has a right to a trial by jury.

Where, therefore, in such an action the trial judge empanelled a jury and submitted to them a single question of fact, but disregarded their finding and found the fact the contrary. *Held*, that a judgment entered pursuant to the findings and conclusions of the court was regular.

(Argued June 21, 1887; decided October 11, 1887.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department made November 16, 1886, which reversed an order of Special Term denying a motion on the part of the plaintiff to set aside a judgment herein and the findings and conclusions of law of the trial court on which the judgment was rendered, and which set aside said judgment, findings and conclusions.

Plaintiff brought this action originally against the Phœnix Mutual Life Insurance Company upon a policy of life insurance issued by that company. The defendant, upon an affidavit showing that one Mosher claimed to own the policy and to be entitled to the amount due thereon, moved in pursuance of section 820 of the Code of Civil Procedure that said Mosher be substituted as defendant, and that it be discharged on payment of the money into court. The motion was granted and Mosher died pending the litigation and his administrator, the present defendant, was substituted.

The cause was placed on the circuit calendar for trial. When it was called defendant's counsel stated it was an equity case. The court directed a jury to be impanelled, and on the conclusion of the evidence, submitted to the jury one question of fact which they decided in plaintiff's favor. Defendant's counsel moved that the verdict be set aside; the court granted

the motion and found the fact contrary to such verdict, and upon this, with other findings and conclusions of law, directed judgment for defendant. Judgment was entered accordingly.

Plaintiff thereupon moved to set aside the judgment and findings on the ground that the action was one of law triable by a jury.

*Nathaniel C. Moak* for appellant. Defendant's motion to set aside the verdict and that the court find the facts in his favor was proper, if the case was then to be treated as a trial in equity. (*Carroll* v. *Dimel*, 95 N. Y. 255; Code of Civ. Pro., §§ 823, 971, 1003; 2 Abb. Pr. [N. S.] 385, 406; *Vermilyea* v. *Palmer*, 52 N. Y. 471; *Colie* v. *Tifft*, 47 id. 119; *Birdsall* v. *Patterson*, 51 id. 43–50.) Not having objected or excepted plaintiff cannot insist no findings ought to have been made. (*Graham* v. *O'Hern*, 24 Hun, 221, 222, 223; *Provost* v. *McEncroe*, 102 N. Y. 650.) The case was in fact an equity cause or one not triable by a jury as a matter of right. (1 Abb. Forms, 567; *Watson* v. *Man. Ry.*, 17 Abb. [N. C.] 797; Code, §§ 419, 420, 1212; Van Santvoord's Plead. [Moak's ed.] 358, 359; *Wilson* v. *Lawrence*, 8 Hun, 593, 595; *Cronin* v. *Cronin*, 9 Civ. Pro. R. 137; *Crawshay* v. *Thornton*, 2 Myl. & Cr. 1, 21; 3 Reeve's Eng. L. 250, 448; *Langston* v. *Boylston*, 2 Ves. Jr. 109; *Angell* v. *Hadden*, 15 id. 245; *Glyn* v. *Duesbury*, 11 Sim. 147; *Cady* v. *Potter*, 55 Barb. 463; *Barry* v. *Mut. L. Ins. Co.*, 53 N. Y. 536; *Perkins* v. *Trippe*, 40 Ga. 225; *Bleeker* v. *Graham*, 2 Edw. Ch. 647; *Farley* v. *Blood*, 30 N. H. 363; *Richards* v. *Salter*, 6 Johns. Ch. 445.) A verdict on a specific question, without a general verdict, in an action of law, is clearly unauthorized and illegal. (Code, §§ 1185, 1186; *Walsh* v. *Bowery*, etc., 10 Civ. Pro. R. 32; *Wilcox* v. *Hoch*, 62 Barb. 509, 511, 512; *Parker* v. *Laney*, 58 N. Y. 469.) Even if the case were not an equity suit it was tried on the theory that it was, by assent of both parties, and having been so tried, neither party could insist it was not so, when by so doing the other might be prejudiced by such change of theory. (Code, § 1009; *Bliss* v. *Bliss*, 11 Civ. Pro. Rep.

98; *Carroll* v. *Deimel*, 95 N. Y. 255; *Lewis* v. *Mott*, 36 id. 395; *Barlow* v. *Scott*, 24 id. 40; *Kenny* v. *Apgar*, 93 id. 539; *Baird* v. *Mayor, etc.,* 74 id. 386; *Greason* v. *Keteltas*, 17 id. 491, 498; *West Point Iron Co.* v. *Reymert*, 45 id. 703, 705; *McKeon* v. *See*, 51 id. 300; *Black* v. *White*, 5 J. & S. 320; *Murtha* v. *Curley*, 90 id. 372.)

*E. Countryman* for respondent. A verdict cannot be set aside in a case where there is a direct conflict in the evidence involving the credibility of witnesses, merely because the judge or court would have reached a different conclusion. (*Baird* v. *Mayor, etc.,* 96 N. Y. 567; *Hellburn* v. *Robinson*, 2 State Rep. 618; *Bagley* v. *Rome*, 6 id. 842.) An issue of fact where the complaint demands judgment for a sum of money only must be tried by a jury unless such trial is waived or a reference directed. (Code Civ. Pro., § 968; *Hun* v. *Cary*, 82 N. Y. 66, 79.] The formal prayer of the complaint " for such other and further relief in the premises as the court may grant does not change the nature of the action." (*Hale* v. *Omaha Bk.*, 49 N. Y. 626, 631; Van Santvoord's Plead. [Moak's ed.] 353, 407; *Hudson* v. *Caryl*, 44 N. Y. 553; *Litchfield* v. *Dezendorf*, 11 Hun, 358; *Reuben* v. *Joel*, 13 N. Y. 493–498; *Parsons* v. *Redford*, 3 Peters, 433; Code of Civ. Pro., §§ 970, 972; *Steinberger* v. *McGovern*, 56 N. Y. 12, 20, 21; *Wheelock* v. *Lee*, 74 id. 496; *People* v. *A. & S. R. R. Co.*, 57 id. 162.) This action could not have been maintained as a suit of interpleader in equity by the plaintiff, prior to the old or new Code. (*Killian* v. *Ebbinghaus*, 110 U. S. 568, 573; *Kipp* v. *Babin*, 19 How. [U. S.] 277, 278; *Atkinson* v. *Monks*, 1 Cow. 692; *Bedell* v. *Hoffman*, 2 Paige, 199; *Grand Chute* v. *Winegar*, 15 Wall. 375; *Lewis* v. *Cocks*, 23 id. 470.) The question of fact here was one for the jury. (*Frank* v. *Mut. L. Ins. Co.*, 102 N. Y. 267, 277, 279; *Stevens* v. *Mayor, etc.,* 84 N. Y. 297; *Hammond* v. *Morgan*, 101 id. 180; *Page* v. *Cameron*, 11 Week. Dig. 478.) Plaintiff has not waived her constitutional right, the only issue of fact in the case having been actually submitted to the jury and she having since per-

sistently protested against every effort and proceeding to inter-
fere with the verdict. A party cannot be deprived of such a
right by such a technicality. (*People* v. *A. & S. R. R. Co.*,
57 N. Y. 162; *Wheelock* v. *Lee*, 74 id. 496.) Neither party
is now permitted to take advantage of any informality in the
manner of submitting the case to the jury, or any informality
of the verdict, no objection having been taken at the trial.
(*Carr* v. *Carr*, 52 N. Y. 251; *Jones* v. *Brooklyn Ins. Co.*,
61 id. 79.)

RAPALLO, J. If the counsel for the defendant was right in
the position which he took, at the Circuit, that this was an
equity case triable by the court, the practice adopted by the
trial judge in empanelling a jury and submitting to it a single
question of fact, to be answered in the affirmative or negative,
was correct. The judge was also right in holding that he had
the power to disregard the finding of the jury on the question
thus submitted, and to find the fact the contrary way; and the
judgment for the defendant entered pursuant to his findings
and conclusions was regular. (*Carroll* v. *Deimel*, 95 N. Y. 255.)

The court at General Term held, on the motion to set aside
that judgment, that the action was one at law, for the recovery
of money only, in which the plaintiff was entitled to a trial by
jury; that the judge consequently had no power to disregard
the verdict and substitute his own findings, and that the judg-
ment entered thereon was irregular.

We are of opinion that the trial judge was right in holding,
as claimed by the defendant, that the action was of an equit-
able nature and triable by the court. The plaintiff had no
right of action at law against the defendant, and did not seek
to recover any money from him. The money in controversy
was in court, having been paid into court by a third party, the
Phœnix Mutual Life Insurance Company, under an order made
on the application of that company pursuant to section 820 of
the Code. The plaintiff had brought an action at law against
the company upon a policy of insurance and the company,

admitting its liabilities on the policy, set up that the defendant's intestate also claimed the amount of the policy, and by this proceeding in the nature of a bill of interpleader, on payment of the fund into court, the plaintiff was required to substitute the defendant's intestate as defendant, and the object of this action was to determine the conflicting claims of the plaintiff and the defendant to the fund in court. Neither party had any right of action at law against the other, but by this equitable proceeding, authorized by the Code, the Insurance Company, against whom both claimed a legal cause of action, was discharged, and they were brought together to litigate the question which of them had the better right to the fund in controversy. No right of trial by jury ever existed in such a case.

The order of the General Term should be reversed and that of the Special Term affirmed with costs.

All concur, except PECKHAM, J., not sitting.

Ordered accordingly.