## SMITH v. EMIGRANT INDUSTRIAL SAV. BANK.

(*City Court of New York, Special Term.* June 27, 1888.)

1 INTERPLEADER—NOTICE OF CLAIM—ACTION FOR MONEY IN BANK.
    In an action by a depositor against a savings bank, for the amount of the deposit, where the bank has received notice from a third person of his claim to the deposit,

an order of interpleader is proper, under Code Civil Proc. N. Y. § 820, providing that a defendant in an action on a contract, on proof that a third person demands the same debt, may apply for an order of interpleader.

2. SAME—CITY COURT OF NEW YORK—JURISDICTION.
    Under Code Civil Proc. § 315, giving the city court of New York jurisdiction of an action for a sum of money only; and section 3347, subds. 4, 6, and sections 3159, 3160, by which section 820, relating to interpleaders, is made applicable to that court; and section 3339, declaring that there is but one·form of civil action, embracing legal and equitable causes of action and·procedure, an action for a sum of money will proceed in such court after the granting of an order of interpleader, and the court has all the equity powers necessary to its complete determination.

On motion for an order of interpleader.

Code Civil Proc. § 820, provides that "a defendant, against whom an action to recover upon a contract * * * is pending, may, at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt, * * * without collusion with him," apply for an order substituting such person in his place, and discharging him from liability to either, on paying the amount into court, and that the court may in its discretion make such an order. Section 315 gives the marine court (now the city court) of the city of New York jurisdiction of "an action * * * wherein the complaint demands a sum of money only, or to recover one or more chattels, with or without damages;" or to foreclose or enforce certain liens on real property for labor or materials; or to enforce or foreclose certain chattel liens; or to take and enter a judgment by confession, in certain cases.

*Richard O'Gorman, Jr.*, for motion.  *J. P. Berg*, opposed.  *Morgan & Walker*, for third party claimant.

PITSHKE, J.  This is an action at law to recover money deposited with the defendant, a savings bank, by plaintiff. Their relation is that of debtor and creditor. *Chapman* v. *White*, 6 N. Y. 417; *Downes* v. *Bank*, 6 Hill, 297. A stranger to said defendant now (before answer) claims, by a notice served, to be entitled to said money, and has forbidden any payment thereof by said bank to this plaintiff. Hence the bank asks for an order of interpleader, under section 820, Code Civil Proc. The plaintiff, the defendant, and said third party claimant all appeared by counsel on the motion, and such claimant also submitted a proposed answer, demanding said deposit as her property, and asking for an award thereof to her. This is a proper case for a motion to interplead, under said section 820, (*Norton* v. *Trust Co.*, 27 Wkly. Dig. 22; *Bruggemann* v. *Bank*, 1 City Ct. R. 86; *Wehle* v. *Bank*, 8 Jones & S. 98; *Barnes* v. *Mayor*, 27 Hun, 240; Laws 1875, c. 371, § 25;) for the bank is put upon inquiry by said notice, and the fund in question may be impressed with a trust or latent ownership, which the defendant cannot disregard after notice received, (*Baker* v. *Bank*, 100 N. Y. 34, 2 N. E. Rep. 452, where it was held that a "bank, having notice, cannot appropriate the money to the debt of its depositor, even on the depositor's consent, to the prejudice of the actual *cestui que trust*.") Said section 820 fully applies to the city court of New York. Section 3347, subd. 4, and Id. subd. 6; also, sections 3159, 3160, Code Civil Proc. The motion being proper in this court, it, if granted, must necessarily allow the case to proceed further in this court; for the court cannot, without a trial, relinquish or throw out a cause properly begun and pending, or decline its continuance, (*Alexander* v. *Bennett*, 60 N. Y. 204, 207;) and upon the granting of the interpleader this court must therefore have implied power to try the cause thereafter in the manner according to law; else, after the payment into court under the order of interpleader, plaintiff would be tied up in the suspended action, and prevented from ever trying his suit; and, should he then sue in another court, he could there be met with a plea of "another like action pending," or the bank would have to bring elsewhere an equity interpleader, and pay the amount into court a second time, on plaintiff's re-

fusal to discontinue this action. The only other alternative, if this court could not proceed on an interpleader, is the view that an interpleader must in all cases be denied in this court; which course cannot be lawful, as it contravenes the operation of those Code sections expressly applicable to, and giving this court power to grant, interpleader motions, in actions arising on contract, or for a chattel, in an appropriate case, and would nullify those sections. It is therefore plain interpleader cases should proceed in this court after the granting of the motion. As now decided by the court of appeals under said section 820, after the new defendant is substituted, and the amount or thing is deposited with the court or in its custody, the controversy between the plaintiff and the present defendant is at an end, and the action thereupon becomes an equity suit between the plaintiff and such new defendant, without any right to trial by jury, and in which a decree must be made. *Clark* v. *Mosher*, 107 N. Y. 118. 121, 14 N. E. Rep. 96. As this case must continue in this court on an interpleader order, as above shown, the conclusion seems irresistible that this court thereafter acts therein as a court of equity does, with the complete equity powers in the particular action thenceforward. This is the same consequence of a full equity jurisdiction as requisite in statutory interpleaders under said section 820, applied to this court by express statute, as was the like consequence of a full equity jurisdiction in mechanic's lien cases in this court, conferred by simply giving the court, statutorily, jurisdiction in proceedings under the mechanic's lien statutes. Since the enactment of the new Code, all the judicial proceedings (section 3333) in this court, under section 315, must be prosecuted to their end, without any distinction, as between law actions and equity suits, or between the forms of those actions and suits, as applicable to the case, (section 3339;) and consequently the jurisdiction of this court is unbounded in that respect, in all cases within section 315, except as limited by section 316, section 3159, and chapter 22 of the Code of Civil Procedure. The legislature could confer on it what jurisdiction it pleases, while keeping it a local court. See *Anderson* v. *Reilly*, 66 N. Y. 189. Not only in interpleaders under said section 820, and in mechanic's lien and chattel lien causes, but this court clearly can also incidentally exercise appropriate equity jurisdiction in the manner allowed by said Code, in every case properly begun, wherein the complaint demands judgment for a sum of money only, similarly to the implied equity powers of the superior city courts in such last-mentioned cases: provided only the relief in the judgment in the case is awarded in money, and provided the final recovery so awarded does not exceed $2,000, exclusive of interest and costs, where plaintiff is the successful party, except in certain special causes permitting a recovery by plaintiff or defendant in any amount, (Code, §§ 315, 316, 3174;) and it may issue injunctions under section 604, for it has recently been authoritatively held that a complaint for a sum of money only, will allow equity litigation for relief in money. See, also, *Sternberger* v. *McGovern*, 56 N. Y. 21; and see *Whiton* v. *Spring*. 74 N. Y. 170; *Herrington* v. *Robertson*, 71 N. Y. 282, 283. Our jurisdiction by the new Code, to determine such an aforesaid case between the parties, is unrestricted, save as limited in said sections 316 and 3159, and chapter 22, Code Civil Proc., and such jurisdiction is to be exercised without distinction in the procedure, as between legal and equitable forms of proceeding in the case, inasmuch as section 3339 ordains there shall be only "one form of civil action," embracing all legal and equitable causes of action and procedure between contending parties before the court. The jurisdiction, legal and equitable, so directly allowed to this court by the legislature, carries with it the duty to exercise it when properly called on so to do. *Alexander* v. *Bennett*, 60 N. Y. 207. As it is strenuously urged that this court cannot proceed with this cause after payment of the money into court, pursuant to an order of interpleader under section 820, Code Civil Proc., for alleged want of equity powers in the court to try herein

the case between plaintiff and such claimant, I will grant the defendant's said motion without costs, but must, upon payment of said deposit into court, permanently stay all the plaintiff's proceedings herein, except to appeal from and review the order hereon. This course allows the court, at general term, as early as possible, to settle the law and practice in this court, as applicable to the matter herein, in the requisite ensuing proceedings touching the fund so ordered into court, and declare the proper procedure under the said section 820 in this court, after modifying said order by vacating the stay against plaintiff, or to direct the return of such fund to the bank by the clerk, if it is determined this court cannot on said order proceed with the case as an equity litigation, under *Clark* v. *Mosher*, 107 N. Y. 118, 14 N. E. Rep. 96. Ordered accordingly.