FELIX ST. ANNA GOVIN, Appellant, *v.* LUCIANA GOVIN DE MIRANDA, as Executrix, etc., of FELIX GOVIN Y PINTO, Deceased, Respondent.

*Gift inter vivos — delivery is essential — equity will not perfect a defective gift made without consideration.*

To establish a valid gift *inter vivos* a delivery of the subject of the gift to the donee or to some person for him, such as to divest the possession and the title of the donor, must be shown.

While equity, where a trust is founded upon a valuable consideration, will interfere and effectuate its intent, no such rule prevails for. the interposition of a court of equity, in order to perfect a defective gift or voluntary settlement made without consideration.

When it is found that a gift attempted to be made by a decedent failed to take effect for want of delivery, or of a sufficient transfer, courts of equity cannot supply such defect and carry out the intent of the donor by declaring a trust which he did not himself declare.

APPEAL by the plaintiff, Felix St. Anna Govin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of May, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 19th day of April, 1894, denying the plaintiff's motion for a new trial.

*A. Kling*, for the appellant.

*E. C. James*, for the respondent.

VAN BRUNT, P. J. :

We see no reason to change the conclusion at which we arrived when this case was previously before the General Term; and the views expressed in the opinion handed down upon the decision of that appeal are confirmed by a re-examination of the case, and by the attempt upon the part of the appellant to establish a trust where it is apparent that if any right of recovery exists it is upon the ground that there was a gift. It is too well settled to need the citation of authorities that to establish a valid gift a delivery of the subject of the gift to the donee or to some person for him, so as to divest the possession and the title of the donor, must be shown. In the case at bar it is apparent that this condition has not been ful-

filled. But it is urged that the donor became the trustee of the donee; and that that was the relation which existed between the parties. There is no evidence whatever to establish this assumption, except the statement at the end of the instrument of gift to the effect that "said certificates will be retained in my custody for the present as the trustee for the said Felix Govin Diaz." There was no attempt upon the part of the donor to part with the control of the subject-matter of this gift. Upon the contrary, he continued to exercise such control and even parted with some portion of the securities mentioned in the original instrument of transfer as his own, and continued until the time of his death to exercise all the rights of ownership without the recognition of any present right in the alleged donee. While it is true that equity, where a trust is founded upon a valuable consideration, will interfere and effectuate its intent, no such rule prevails for interposition to perfect a defective gift or voluntary settlement made without consideration. "When, therefore," as was held in the case of *Young* v. *Young* (80 N. Y. 437), "it is found that the gift which the deceased attempted to make failed to take effect for want of delivery, or a sufficient transfer, and it is sought to supply this defect and carry out the intent of the donor by declaring a trust which he did not himself declare, we are encountered by the rule above referred to."

Our attention is called to the case of *Locke* v. *F. L. T. Co.* (140 N. Y. 135) in support of the proposition that, without delivery, by the mere execution of an instrument by the donor, he may make himself a trustee of the subject-matter of the trust. An examination of the facts of that case does not support any such conclusion, which seems to be radically opposed to the existence of a fundamental fact necessary to a gift *inter vivos*. In the case above there was no attempt upon the part of the donor to create a trust. What he seems to have intended was to make a gift which was to take effect after his death. Such a disposition can only be of a testamentary character, and cannot be upheld unless it possesses the requisites essential to gifts of this character.

The judgment should be affirmed, with costs.

Parker and Barrett, JJ., concurred.

Judgment affirmed, with costs.