LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment affirmed, with costs.

---

MARY A. DINLEY, as Administratrix, etc., of MARY FLAY, Deceased, Respondent, *v.* JOHNSTON McCULLAGH, Appellant.

*Gift inter vivos — presumption from the possession of a check and a savings bank book — presumption from the withholding of the check from payment — interpleader, changes an action from one at law to one in equity.*

The mere delivery by a person, since deceased, to another of a check upon a savings bank, and of the bank book issued to her by the savings bank, is not enough of itself to constitute a gift of the deposit *inter vivos.*

There must be proof of an intention upon the part of the donor to part absolutely with the property, and such an intention must have been consummated by an actual delivery to the donee.

Any presumption arising from the possession of a check that it was given for a valuable consideration will be repelled by very slight circumstances.

Where a check is made by an intestate a month before, and is not presented for payment by the holder until several months after her death, the court is justified in concluding that the check was not received by the holder for a valuable consideration nor in the usual course of business.

Where an action is begun at law and the defendant interpleads an adverse claimant and pays the money in suit into court, the action becomes thereafter one in equity and neither party can demand a jury trial as a matter of right.

APPEAL by the defendant, Johnston McCullagh, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 5th day of June, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 17th day of June, 1895, denying the defendant's. motion for a new trial made upon the minutes.

This action was originally brought by the plaintiff against the Erie County Savings Bank, to recover a deposit made by the plain-- tiff's intestate in her lifetime. The defendant claiming title to the same deposit, and demanding payment thereof from the bank, the latter, by interpleader proceedings, obtained an order of the court, at Special Term, substituting the defendant in its place as defend-- ant in the action, and paid over to the treasurer of Erie county the. moneys in dispute. Thereupon, this defendant, so interpleaded and substituted, served an answer admitting the formal allegations of the complaint, but asserting title to the moneys in question by virtue. of a delivery to him by the intestate in her lifetime of her check for the amount thereof, together with her bank book containing her. account with the savings bank.

Upon the issues thus joined, the cause came on for trial at a Cir-- cuit Court in Erie county, held upon the 3d day of June, 1895. After hearing the evidence, the court directed a verdict in favor of the plaintiff, and thereafter the trial justice made and filed findings respecting such trial as though the cause had been tried before him without a jury, and the defendant duly filed exceptions thereto. A motion for a new trial upon the minutes was subsequently made and denied. Judgment was thereupon entered, and from that judg- ment, as well as from the order denying the motion for a new trial, this appeal is taken.

*William C. Fitch,* for the appellant.

*Charles F. Tabor,* for the respondent.

ADAMS, J. :

In considering the questions raised by this appeal, it should be borne in mind that there was nothing irregular in the manner in which the learned trial justice disposed of this case at the Circuit; for,

although it was originally an action at law, the order interpleading the defendant transformed it into a suit in equity, and consequently neither party was entitled as a matter of right to a trial by jury. The court might have submitted to the jury, which was impaneled, any or all of the traversed questions of fact, but it was under no obligation to do so, nor to adopt the conclusions of the jury had the case been thus submitted. (*Clark* v. *Mosher*, 107 N. Y. 118.) With this suggestion for a guide, it is difficult to discover wherein any error has been committed which requires a reversal of the judgment and order appealed from.

The action appears to have been tried upon the theory that the check and bank book, which were found in the defendant's possession after the death of the intestate, were sufficient evidences of a gift, *inter vivos*, of the moneys deposited in the bank, although no such issue was tendered by the answer. But the mere possession of the book, or of the book and check, is but one of several elements which are essential to the establishment of the defendant's contention. There must have existed an intention upon the part of the intestate to part absolutely with her property, and such intention must have been consummated by an actual delivery to the donee. (*Harris* v. *Clark*, 3 N. Y. 93 ; *Beaver* v. *Beaver*, 137 id. 59 ; *Govin* v. *De Miranda*, 79 Hun, 286.) In the case of *Ridden* v. *Thrall* (125 N. Y. 572), which is cited and apparently relied upon by the defendant's counsel, there was not only convincing proof of an intention upon the part of the donor to divest himself of all right and title to the subject of the gift, but such intention was accompanied by an actual and formal delivery. Neither one of these elements appears to be present in this case, and, therefore, the learned trial justice was undoubtedly correct in the conclusion he reached, that the defendant failed to fulfill the obligation which the law imposes upon him of establishing his claim to these moneys by evidence which shall be entirely satisfactory in its character.

Upon the argument of the appeal, the learned counsel sought to supply this very obvious defect in his case by insisting that the possession by the defendant of the intestate's check for the amount of her deposit raises the presumption that it was given for a good consideration, and consequently that it operated as a complete and valid transfer of the sum of money mentioned therein. But the

rule thus invoked has its limitations, and very slight circumstances will serve to repel any presumption thus created. That it was satisfactorily met in this case, and that the learned trial justice was fully supported in his findings of fact and conclusions of law, can be easily demonstrated.

Perhaps it would be a sufficient answer for the defendant's present contention to say that it is now urged upon the attention of the court for the first time. As has already been suggested, the trial was conducted upon an entirely different theory, and when the case was taken from the consideration of the jury the only request made by the counsel was that the question of the delivery of the check and bank book might be submitted, and it was not even suggested that there was any other issue to be considered. But had this not been the case, the fact that the check was signed more than a month prior to the death of the intestate, and was not presented at the bank until several months after her death, is sufficient to justify the trial court in concluding that it was not received in the usual course of business and for a valuable consideration. (*Stimson* v. *Vroman*, 99 N. Y. 74.)

The judgment and order should, therefore, be affirmed.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment and order affirmed, with costs.