(29 Misc. Rep. 354.)

### JACOBS v. LIEBERMAN.

(Supreme Court, Appellate Term. October 25, 1899.)

MUNICIPAL COURT—EQUITABLE JURISDICTION—CONSTITUTION.

Where, in an action in a municipal court, defendant deposits money in court, and a third person is permitted to interplead and set up a claim to the fund, equitable issues are created, and the court has no jurisdiction, within the constitutional provision denying equity jurisdiction to a new local, inferior court of the legislature's creation.

Appeal from municipal court, borough of Manhattan, First district.

Action by Louis Jacobs against Isaac Lieberman. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

A. H. Sarasohn, for appellant.
David Steckler, for respondent.

LEVENTRITT, J. This is an appeal from a judgment of the municipal court. It appears by the record in this action that the plaintiff originally sued one John F. Harriott, as property clerk of the police department of the city of New York, to recover the sum of $170, deposited by his assignor, one Max Frank, while under arrest. Upon due application, and on the consent of the attorneys for the respective parties, Harriott was permitted to deposit the money in court, and Isaac Lieberman was interpleaded as defendant. Upon the trial, judgment was rendered in favor of the plaintiff awarding to him the fund.

This was error, as the court was without jurisdiction to try the cause. By the order of interpleader and the proceedings thereupon taken equitable issues were created, and the action, originally legal in its nature, ceased to be such, and thenceforth became an action in equity. Windecker v. Insurance Co., 12 App. Div. 73, 80, 43 N. Y.

Supp. 358; Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96; Dinley v. McCullagh, 92 Hun, 454, 36 N. Y. Supp. 1007. In the case of McConologue v. McCaffrey (decided at the July term of this court) 60 N. Y. Supp. 279, we reached the conclusion that the municipal court of the city of New York came within the constitutional provision denying equity jurisdiction to a new local, inferior court of the legislature's creation. We based our decision primarily on the case of In re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34, which held that the municipal court was a new local, inferior court. So long as that decision remains controlling, we must, as in other jurisdictional questions determined by us, deny to the municipal court power to entertain the action. Leave to appeal to the appellate division will be granted.

Judgment reversed, with costs to appellant. All concur.