## JACOBS v. LIEBERMAN.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. MUNICIPAL COURT—IMPLEADING DEFENDANT—WAIVER OF OBJECTION.
　　Where, in an action in the municipal court, an order was entered impleading defendant, by his own consent, as owner of money deposited in court, to which order plaintiff objected, but, after it was granted, had judgment entered against such defendant, any objection as to the propriety of the order was waived, and the question of jurisdiction will not be considered on appeal.

2. TRIAL—QUESTIONS OF FACT—DIRECTING VERDICT.
　　Where, in an action in the municipal court, plaintiff claimed ownership, by assignment, of proceeds of property found in possession of one arrested for larceny, and defendant, by his own consent, was impleaded as owner of the fund deposited in court, and in his answer denied all allegations of the complaint, and especially the allegation of assignment, questions of fact were raised, and a verdict should not have been directed for plaintiff on the pleadings.

Appeal from appellate term.

Action by Louis Jacobs against Isaac Lieberman to recover money deposited in court. Judgment was entered in the municipal court in favor of plaintiff on the pleadings, and defendant appealed. From a judgment of the appellate term (60 N. Y. Supp. 493) reversing such judgment, plaintiff appeals. Modified.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

David Steckler and Terence Farley, for appellant.
Abraham H. Sarasohn, for respondent.

RUMSEY, J.   The action was originally brought against John F. Harriot, as property clerk in the police department in the city of New York, to recover money which was in his possession, and which was alleged to be the proceeds of property stolen by one Frank, and found in his possession when he was arrested for larceny. Harriot moved in the municipal court for leave to pay into court the fund sought to be recovered, and to substitute Lieberman, the present defendant, as a party defendant, because of his claim to be the owner of the money.   When this motion came on to be heard, it was granted, and the order granting it recited that it was opposed by the plaintiff, and that Abraham H. Sarasohn, Esq., attorney for the adverse claimant, Isaac Lieberman, consented thereto. After Lieberman had thus been brought in by his own consent, he answered, denying certain material allegations of the complaint. When the case came on for trial, the plaintiff moved for judgment upon the pleadings, and the court held that the action involved a principle of law, and not a question of fact, and that the court had no jurisdiction to pass upon the questions presented by the defendant; and therefore he directed the jury to find a verdict against the defendant for $170, which was done, against the exception of the defendant, and upon that direction the judgment was afterwards entered against the defendant and in favor of the plaintiff for $190.59, judgment and costs.   Upon appeal to the appellate term this judgment was reversed, but leave was granted to appeal to this court.

It is established that the municipal court is not an offshoot or continuation of the old district court of the city of New York, but is a new court created by the charter of the Greater New York, with no other or different powers than are given to it in that statute, or which might be given to it by the legislature under the authority of the constitution.   In re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34; Worthington v. Guarantee Co., 47 App. Div. 609, 62 N. Y. Supp. 591.   It is a court of limited and special jurisdiction, and can exercise no power except such as the statute has given to it.   The right to compel an interpleader upon motion is given by section 820 of the Code of Civil Procedure, and, except so far as that right is given to common-law courts by express provision of the statute, it is not given at all.   Section 820, however, applies only to the supreme court, the city court of New York, and the county courts (section 3347; subds. 4–6, Code Civ. Proc.), and it affects the power of no other court than those.   Were it necessary to determine whether, under the present statute, the municipal court had power to require parties to interplead, as the district court formerly had, we should have great difficulty in reaching an affirmative conclusion.   But that question is not here for decision.

· Lieberman made no objection when it was sought to bring him in as a party defendant, and the recital in the order, which must be taken to be true, is that it was made with his consent.   It is true that the plaintiff objected to the order.   When it had been granted, however, he took no steps to review it, but apparently acceded to it, and proceeded to enter judgment against Lieberman as defendant in the place of

Harriot. He therefore has put it out of his power to raise any question as to the propriety of that order. The court had jurisdiction of the subject-matter of the action, and when Lieberman, who was a resident of the city of New York, consented to be made a defendant, he submitted himself to the jurisdiction of the court, and he is not now at liberty to complain that the court had no jurisdiction to render judgment against him in a proper case. The question then whether he was properly made a defendant is not before us for decision.

But the complaint alleged that the cause of action originally belonged to one Frank, and had been assigned to the plaintiff on the 17th of June, 1899. That allegation was especially denied by the answer, which also denied other allegations necessary to the plaintiff's recovery. Upon that state of the pleadings, it is clear that the plaintiff could not recover until he had proved the controverted facts which were essential to entitle him to a judgment. None of those were proved, and therefore it was error for the court to direct judgment upon the pleadings, as was done by the municipal court justice. It is quite true that there appears among the papers in the case what is said by counsel to be an assignment from Frank to the plaintiff, but that assignment was not proved upon the trial, and was not produced in evidence; and, if it had been, the defendant, having denied it, had a right to show that it was not executed or not delivered. This opportunity he was refused; the court saying that it had no jurisdiction to pass upon the questions raised by the defendant, and therefore ordered a verdict for the plaintiff. It is rather a peculiar state of affairs, that the court had jurisdiction to assume as true all the allegations of the complaint, although controverted in the answer, but no jurisdiction to take the defendant's proof to overthrow them. It is clear that Lieberman, having denied those allegations of the complaint, should not have had judgment entered against him until they had been proved, and evidence had been given to establish the facts, and he should have been permitted to give such proof as he had to overthrow the plaintiff's case. For the error in denying him that right the judgment was properly reversed, and to that extent the determination of the appellate term must be affirmed; but, as the municipal court had jurisdiction to hear the case, the matter should be sent back to it for a new trial, with costs to the appellant to abide the event. All concur.