(32 Misc. Rep. 503.)

### LAWRENCE v. LAWRENCE.

(Supreme Court, Appellate Term. October 16, 1900.)

1. HUSBAND AND WIFE—AGREEMENT FOR SUPPORT OF CHILDREN—MERGER IN DIVORCE JUDGMENT.

An agreement between husband and wife, while divorce proceedings are pending, that the former shall pay a monthly sum for support of their children, if valid, is not merged in an order in the divorce proceedings requiring the payment of the same sum as alimony, nor, after abandonment

of such proceedings, in a judgment of divorce in a second action, which makes no provision for alimony.

**2. SAME—VALIDITY.**
Where plaintiff and defendant, her husband, entered into an agreement without the intervention of a trustee, whereby defendant agreed to pay a specified sum monthly for support of the children of the parties, no recovery could be had under such contract, in the absence of a showing of equitable consideration, since such contract is absolutely void at law.

**·8. APPEAL—CASE BELOW.**
On appeal from a judgment in an action on a contract void at law, the supreme court cannot sustain the judgment on equitable grounds, when no showing of equitable consideration was made by plaintiff in the pleadings or at the trial.

**·4. CITY COURT OF NEW YORK—JURISDICTION—EQUITABLE RELIEF.**
The city court of the city of New York cannot, in an action on a contract, grant relief on equitable grounds, since it has no equitable jurisdiction.

Appeal from city court of New York, general term.

Action by Jane R. Lawrence against Allan Lawrence. From a judgment of the general term of the city court of the city of New York (64 N. Y. S. 1113), affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Francis C. Devlin, for appellant.

Robert Mazet, for respondent.

O'GORMAN, J. On April 23, 1888, while an action for divorce was pending in the supreme court of this county between the parties to this action, they entered into an agreement, without the intervention of a trustee, whereby the defendant agreed to pay to the plaintiff, for the support of their children, $15 a month, such payments to continue until the younger of their two children attained the age of 16 years, the wife on her part releasing her husband from all claims for her support. The period covered by this agreement expired in September, 1895, at which time there was a balance due under the contract of $315, to recover which this action was brought. The judgment rendered for the plaintiff was affirmed at the general term of the city court, and from such affirmance the defendant takes this appeal.

The action for a divorce pending at the time of the execution of the agreement was abandoned, and a new action was thereafter commenced, and proceeded to a decree of absolute divorce, which was granted to the plaintiff on October 31, 1891; the decree, however, making no provision for alimony. The judgment in this case is assailed chiefly upon the ground that the enforcement of the contract in suit, the same being between husband and wife, is contrary to public policy, and the agreement absolutely void. It is also urged that the contract became merged in an order made on May 12, 1888, in the supreme court action then pending, which modified an order of April 17, 1888, and required the defendant to pay the plaintiff $15 a month alimony pendente lite, instead of $25 a month, as provided in the previous order of April 17, 1888. With this latter contention we do not agree, because, if the agreement was valid at the time

of its execution, it survived the entry of the order of May 12, 1888, as well as the entry of the judgment entered in the second action for a divorce. Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132.

The only question requiring consideration, therefore, relates to the validity of the contract. It is a well-established doctrine of the common law that a contract between husband and wife is absolutely void at law, although it may, under some circumstances, be sustained in equity; but, where equity thus interferes to uphold a contract between husband and wife, an equitable consideration must be shown, either upon the face of the instrument or by extraneous proof. Dean v. Railway Co., 119 N. Y. 547, 23 N. E. 1054. This is still the settled law in this state, except where modified by the enactment of the married woman's statutes. Hendricks v. Isaacs, 117 N. Y. 416, 22 N. E. 1029, 6 L. R. A. 559; Poillon v. Poillon, 29 Misc. Rep. 666, 61 N. Y. Supp. 582; Id., 49 App. Div. 341, 63 N. Y. Supp. 301; Whitney v. Whitney, 4 App. Div. 598, 36 N. Y. Supp. 891, 39 N. Y. Supp. 1136.

At the time the agreement was made, chapter 381 of the Laws of 1884 was the law applicable to this case, and it is quite clear that that statute did not relieve a married woman from the disabilities of coverture to the extent of permitting her to contract with her husband. The court below recognized the existence of the rule respecting the inability of the husband and wife to make a contract valid at law, but expressed the opinion that it was a case calling for the equitable intervention of the court. It is a sufficient answer to this view to observe that the plaintiff took no such position either by her pleading or upon the trial. Moreover, to treat this controversy as an equitable action was to oust the court below of jurisdiction, because the city court has no jurisdiction of actions in equity. Blewitt v. Olin, 13 N. Y. St. Rep. 76; Gutman v. Rogers (Com. Pl. N. Y.) 13 N. Y. Supp. 891. On this appeal the respondent seeks to distinguish the case before us from Poillon v. Poillon, supra; claiming that the contract in suit was made after the parties had separated. Without deciding whether such a circumstance could give validity to the contract,—although we are of the opinion it could not, except through the intervention of a trustee (Galusha v. Galusha, 116 N. Y. 642, 22 N. E. 1114, 6 L. R. A. 487),—the record fails to disclose that the parties were not living together at the time this contract was made. The authorities cited by the respondent are easily distinguishable from the case before us. In Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, the agreement embraced a trust provision. In Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823, an attempt was made to impeach collaterally a judgment rendered on a contract between husband and wife. In Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500, the parties were separated before the making of the contract, and the case was a proper one for equitable relief. The contract in question, being absolutely void at law, was incapable of enforcement in this action, and the judgment of the court below must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.