(32 Misc. Rep. 639.)

## HARVEY v. RAYNOR.

(City Court of New York, General Term.   October 29, 1900.)

INTERPLEADER—WHEN GRANTED.

On execution sale of the goods of the execution debtor and of the lease of the premises held by him, the landlord of plaintiff became the purchaser, and leased the same to plaintiff, who sued the defendant to recover proceeds of merchandise since delivered to defendant, and sold by defendant for plaintiff's account.   Judgment was recovered against the same defendant in another action, and a receiver was appointed, who claimed he was entitled to the amount due plaintiff by defendant.   *Held*, that an order allowing defendant to interplead such receiver is erroneous, as it virtually sets aside the judgment in the original case, and a sale thereof under an execution, but the remedy of defendant is by an action in equity.

Appeal from special term.

Action by Richard S. Harvey against John I. Raynor.   From an order of the special term granting the right to interplead a receiver appointed in a proceeding supplementary to an execution recovered in the supreme court against Otto Rice, plaintiff appeals.   Reversed.

Argued before CONLAN and HASCALL, JJ.

Lynott B. Root, for appellant.
William R. Baird, for respondent.

CONLAN, J.   It appears that one Julia A. Germond on February 5, 1900, recovered a judgment against one Otto Rice in the supreme court of Rockland county, on which a sale was had under an execution, and the plaintiff in that action became the purchaser at such sale of the business of Otto Rice, and of the lease of the premises held by him, and subsequently leased the same to the plaintiff in this action.   At the time the plaintiff acquired the business and the lease, notice was given to the defendant, Raynor, of the change, and he subsequently paid the proceeds of sale to him down to about March 20, 1900; and this action is brought for the proceeds of the merchandise since delivered to the defendant by the plaintiff, and sold by the former for plaintiff's account.   Subsequently, in another action against Rice by other plaintiffs, a judgment was recovered against him, and in supplementary proceedings a receiver was appointed of the defendant Rice, and the latter now claims to be entitled to the amount for which this action is brought.

If this order is permitted to stand, it virtually sets aside a judgment of the supreme court, and a sale thereunder under an execution, and a lease to the plaintiff; and, as this court has no equity powers, it is difficult to see how this could be done.   In the application which the defendant made to the special term for the order appealed from he swears he has a good and substantial defense upon the merits to the cause of action alleged, and, if this be so, inter-

pleader clearly will not be ordered. He can, if this allegation be true, successfully contend against the plaintiff herein upon the trial, and in that view of the case, and that only, can issue be raised by an answer on the merits, and be finally determined. If the order be allowed to stand, then the only recourse would be the recovery of a judgment herein setting aside the judgment recovered in the supreme court by the person from whom plaintiff derived title; and such a judgment could not be recovered here. There is no way in which the relief sought by the defendant can be obtained except in an action instituted for that purpose in a court of equity. Entertaining these views, we think the order appealed from should be reversed, with costs, and the defendant be required to serve an answer to the complaint under his sworn statement that he has a good and substantial defense to the cause of action stated in the complaint.

Order appealed from reversed, with costs.

HASCALL, J., concurs.