MARCUS v. AUFSES.

(City Court of New York, Special Term.　March, 1902.)

CITY COURT—JURISDICTION—ORDER OF INTERPLEADER.
　　Under Code Civ. Proc. § 820, providing that the court may, in its discretion, authorize interpleader by order in certain cases, the granting of an order of interpleader in the City Court would transform the action into an equitable one, of which the court would have no jurisdiction, and such an order will be denied.

Action by one Marcus against one Aufses.　On motion for an order of interpleader.　Motion denied.

George W. McAdam, for the motion.
Arthur M. Harris, opposed.

SEABURY, J.　This is a motion for an order of interpleader. If this court makes an order of interpleader under section 820 of the Code of Civil Procedure, the action thereafter becomes an equitable one, and the City Court, being without equitable jurisdiction, will, in my opinion, be without power to proceed with the action.　An examination of the authorities relating to the subject has led me to the conclusion that by making an order of interpleader the City Court thereby deprives itself of jurisdiction to proceed further with the action.　There can be no doubt that after granting an order of interpleader the action becomes an equitable one. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798; Windecker v. Mut. Life Ins. Co., 12 App. Div. 73, 43 N. Y. Supp. 358; Dinley v. McCullagh, 92 Hun, 454, 36 N. Y. Supp. 1007; Jacobs v. Lieberman, 29 Misc. Rep. 354, 60 N. Y. Supp. 493.　In Windecker v. Mut. Life Ins. Co., supra, where an order of interpleader was granted, the court said that the action, "if it ever had the character of a legal action, ceased to be such, and became an action in equity."　Justice Leventritt, in Jacobs v. Lieberman, supra, said:　"By the order of the interpleader, and the proceedings thereupon taken, equitable issues were created, and the action, originally legal in its nature, ceased to be such, and thenceforth became an action in equity."　The City Court is limited to the jurisdiction which the Legislature confers upon it, with such incidental authority as may be expressly conferred.　People v. Board of Excise, 3 N. Y. St. Rep. 253.　The Legislature has limited this court to what Justice McAdam called "the stinted legal jurisdiction of a common-law nature" (Lynch v. Dowling, 1 City Ct. R. 163), except in cases of foreclosure of mechanics' liens and liens upon chattels (Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp. 73), in which cases jurisdiction has been expressly conferred by statute, and "everything necessary to the complete execution of that jurisdiction goes with it" (Connor v. Schaeffel, 19 Civ. Proc. R. 378, 11 N. Y. Supp. 737).　Section 820 of the Code is applicable to the City Court. Code Civ. Proc. § 3347, subds. 4, 7; Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953.　But because this section is by a gen-

eral provision made applicable to the City Court, it does not follow that equitable jurisdiction is therefore conferred upon the court in such cases. The City Court is a court of limited jurisdiction, and its powers cannot be enlarged by implication, although it has all powers necessary to a full exercise of the jurisdiction which has been expressly conferred upon it. McCann v. Gerding, 29 Misc. Rep. 283, 60 N. Y. Supp. 467; People v. Board of Excise, 3 N. Y. St. Rep. 253; Blewitt v. Olin, 13 N. Y. St. Rep. 76; Lynch v. Dowling, 1 City Ct. R. 163. Courts of general jurisdiction are presumed to have the powers that they assume to exercise until some limitation thereof is made to appear, but the authority of courts of inferior jurisdiction must be shown. Thomas v. Harmon, 122 N. Y. 84-88, 25 N. E. 257. The City Court has no equity jurisdiction except in cases of mechanics' liens and liens upon chattels, and the mere fact that it has discretionary power to grant an order of interpleader does not justify the assumption by it of an equitable jurisdiction. In Hunt v. Genet, 6 N. Y. St. Rep. 275, it was held that "the order of interpleader cannot enlarge the original jurisdiction of the City Court." In Harvey v. Raynor, 32 Misc. Rep. 639, 66 N. Y. Supp. 490, the General Term of the City Court held that this court cannot order interpleader when to do so would amount to equitable relief. The only remedy in a proper case for interpleader which a party possesses strictly as a matter of right is by action in the nature of a bill of interpleader. Barry v. Mutual Life Ins. Co., 53 N. Y. 536. By section 820 of the Code, "the court may, in its discretion," authorize interpleader by order in certain cases. The result accomplished by making the order is to convert the action at law into an equitable action, and as soon as this change has taken place the court has no jurisdiction to proceed with the action. Under these circumstances, I think the court to whose discretion a motion of interpleader is addressed should refuse to make the order.

There have been many cases where orders of interpleader have been granted in the City Court, but I have only been able to find one case which directly passed upon the question of the jurisdiction of this court to proceed with an action after interpleader had been ordered. Smith v. Em. Ind. Sav. Bank (City Ct. N. Y.) 2 N. Y. Supp. 617. In Smith v. Em. Ind. Sav. Bank, supra, the whole question was considered by Pitshke, J., at the Special Term of the City Court; and it was held that the court had power to make the order, and to proceed with the case to its termination as an equity case. This decision rests upon the assumption that, because section 820 of the Code is applicable to the City Court, therefore the court has by implication full equity jurisdiction to continue the case. It does not follow that, because this court originally had jurisdiction of an action at law, when that action has been converted into an action in equity, full equity powers are thereby conferred upon the court to continue the action. The assumption of equitable jurisdiction cannot be justified upon the ground that, the court having power over the principal matter, it has also power over the incidents. It is undoubtedly a settled principle that "the jurisdiction over the incidents of a litigation must be of the same character as that over

the principal subject-matter." Bartlett v. Spicer, 75 N. Y. 528–532. But a complete change in the character of an action converting it from a legal into an equitable one cannot be regarded as a mere incident. In Lawrence v. Lawrence, 32 Misc. Rep. 503–505, 66 N. Y. Supp. 393, a wife sued her husband in the City Court to recover a balance due under a contract between them, without the intervention of a trustee. The Appellate Term, in reversing the judgment of the City Court said:

"The court below recognized the existence of the rule respecting the inability of the husband and wife to make a contract valid at law, but expressed the opinion that it was a case calling for the equitable intervention of the court; * * * to treat this controversy as an equitable action was to oust the court below of jurisdiction, because the City Court has not jurisdiction of actions in equity."

In Jacobs v. Lieberman, 29 Misc. Rep. 354, 60 N. Y. Supp. 493, the Appellate Term held that, where an order of interpleader is granted in an action at law brought in the Municipal Court, the action is at once converted into an equitable one, and the said court is thereby ousted of jurisdiction. This case was affirmed on appeal, but the Appellate Division declared that it was doubtful whether the Municipal Court had power to make an order of interpleader, and expressly stated that this question was not before it for decision. Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953. The City Court, therefore, in my opinion, has no jurisdiction to proceed with an action after the making of an order of interpleader; and, under these circumstances, even if the court has discretionary power to make such an order, that power should not be exercised.

The motion for an order of interpleader is therefore denied.

CITY COURT—JURISDICTION—ORDER OF INTERPLEADER.

Under Code Civ. Proc. § 820, providing that the court may, in its discretion, authorize interpleader by order in certain cases, the granting of an order of interpleader in the City Court would transform the action into an equitable one, of which the court would have no jurisdiction, and such an order will not be granted.

