KRUGMAN v. HANOVER FIRE INS. CO.

(City Court of New York, Special Term.)

CITY COURT—JURISDICTION—ORDER OF INTERPLEADER.

Under Code Civ. Proc. § 820, providing that the court may, in its discretion, authorize interpleader by order in certain cases, the granting of an order of interpleader in the City Court would transform the action into an equitable one, of which the court would have no jurisdiction, and such an order will not be granted.

Action by one Krugman against the Hanover Fire Insurance Company. On motion for an order of interpleader. Motion denied.

See 90 N. Y. Supp. 448.

O'DWYER, C. J. All the material facts necessary for an order of interpleader under section 820, Code Civ. Proc., are shown by the proofs submitted, and, were it not for the decision of the Appellate Term in Wells v. The Corn Exchange Bank (March, 1904; Sup.) 87 N. Y. Supp. 480, I would grant the defendant's application. Judge Blanchard, writing for the Appellate Term in Wells v. The Corn Exchange Bank, supra, says:

"The granting of the motion for interpleader in the City Court would have the effect of converting the plaintiff's action at law into one in equity (Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798; Dinley v. McCullagh, 92 Hun, 454, 36 N. Y. Supp. 1007), and would oust the City Court of jurisdiction .(Lawrence v. Lawrence, 32 Misc. Rep. 503, 66 N. Y. Supp. 393)."

This case follows the conclusions reached by Mr. Justice Seabury in Marcus v. Aufses (March 20, 1902; City Court, Special Term) 94 N. Y. Supp. 397, and both of these cases are in conflict with Smith v. The Emigrant Industrial Savings Bank (City Ct. N. Y.) 2 N. Y. Supp. 617. I agree with the learned judges in so far as they declare that the effect of granting an order of interpleader under section 820, Code Civ. Proc., is to convert an action at law into one in equity, but I do not agree with them that to do so would oust the City Court of jurisdiction to try the case. I also agree with the claim that the City Court has no jurisdiction in equity except as expressly conferred, but, in examining the statute in question, I find that the necessary jurisdiction has been conferred thereby upon the City Court. Section 820, after providing in' what cases an order of interpleader may be made, and for the imposition of proper terms, declares, "And thereupon the entire controversy may be determined in the action." This provision clearly confers jurisdiction to try the cause upon the court having authority to make the order. Section 820, Code Civ. Proc., is applicable to the City Court. Code Civ. Proc. § 3347, subds. 4, 7; Jacobs v. Lieberman, 51 App. Div. 542, 64 N. Y. Supp. 953. In the latter case, Judge Rumsey said of the statute under discussion:

"The right to compel an interpleader upon motion is given by section 820 of the Code of Civil Procedure, and, except so far as that right is given to common-law courts by express provision of the statute, it is not given at all. Section 820, however, applies only to the Supreme Court, the City Court of New York, and the County Courts .(Code Civ. Proc. § 3347, subds. 4–6), and it affects the power of no other court than those."

It therefore appears to me clear that the statute gave the City Court power in a proper case to order an interpleader, and thereupon determine in the action the entire controversy. In view, however, of the ruling of the Appellate Term, which I am bound to follow, I will deny this application on the sole ground that to grant the same would oust the court of jurisdiction to try the cause. The defendant may have a stay of proceedings pending an appeal from the order to be entered hereon, if it desires an opportunity to present the question involved for a review. No costs. Settle order hereon on two days' notice.