## VOSS v. SMITH.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. ACTION AT LAW—SUIT IN EQUITY.
   Where, in an action on a fire policy for a fire loss, instituted by the assignee of the claim, the insurer paid the loss into court and was discharged, and the receiver of the insured interpleaded and alleged that the assignment was fraudulent as against the insured's creditors, the action became a suit in equity, triable by the court without a jury.

2. SUIT IN EQUITY—TRIAL BY JURY AS ACTION AT LAW.
   Where the parties to a suit in equity and the court treated it as an action at law, and chose to have all the issues submitted to a jury, as in the trial of an action at law, the case should go to the jury in the same way as issues in actions at law would be submitted to a jury.

3. CREDIBILITY OF WITNESSES—QUESTION FOR JURY.
   On the issue whether an assignment of a claim under a fire policy was void by reason of the insolvency of the insured, a corporation, tried before a jury as an issue in an action at law, the president of the corporation gave testimony which would warrant the jury in finding that the transaction was not void. On the other hand, his examination disclosed that he had at about the time of the transfer caused to be prepared schedules of the liabilities and assets of the corporation, from which it would appear that it was insolvent, and which would authorize the inference that the assignment was made to give a preference. Held, that the weight of the testimony was for the jury.

Appeal from Trial Term, New York County.

Action by Edward Voss against George Moore Smith, receiver of the Bell Manufacturing Company. From a judgment for defendant entered on a verdict directed by the court, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Max S. Steuer, for appellant.
George C. Norton, for respondent.

PATTERSON, J. This action was originally brought against the Firemen's Insurance Company of Maryland to recover the amount of a fire loss alleged to be due the E. C. Bell Manufacturing Company under a policy of insurance issued to it by the insurance company. The claim arising under the policy was assigned to the plaintiff. The defendant, George Moore Smith, receiver of the Bell

Manufacturing Company, having asserted a claim against the insurance company under the policy mentioned, an application was made by the original defendant to interplead the receiver, and that motion was granted. The money was paid into court, the insurance company was discharged from the action, and it was reconstituted by making Smith, receiver, the sole defendant. The receiver interposed an answer in which he set up that the assignment of the claim by the E. C. Bell Manufacturing Company to the plaintiff was made for the purpose of hindering, delaying, and defrauding the bona fide creditors of that corporation, which, at the time the assignment was made, was unable to meet its ordinary and current obligations, and was then insolvent, and that such insolvency was known to the directors of the E. C. Bell Manufacturing Company, and that the assignment was without consideration, and, further, that the said assignment was made when the corporation was insolvent, or its insolvency was imminent, and with the intent of giving a preference to the plaintiff, as an alleged creditor, over other creditors of the corporation, and contrary to law and the statute in such case made and provided.

When the case came on for trial, it was treated by both parties as a common-law action, triable by a jury, although the action had become one in equity, to be tried by the court without a jury. That was expressly held in Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798. That action had originally been begun as one at law. A third party, claiming to own the cause of action, was brought in and substituted as defendant, and the original defen'ant was discharged on payment into court of the amount of the demand. It was held that the action became an equitable one, triable by the court, and neither party had a right to a trial by jury, and that where, in such an action, the trial judge impaneled a jury, and submitted a single question of fact, and disregarded their findings, and found the fact to the contrary, the judgment entered pursuant to the findings and conclusions of the court was regular. In the present case the parties chose to have the whole issues submitted to a jury, as in the trial of an action at law. The attention of the court does not seem to have been drawn by either party to the real status of the action. Having acquiesced in the mode of trial adopted, the case should have gone to the jury precisely in the same way as any other common-law issues would be submitted to a jury.

The defense set up was that the assignment to the plaintiff was void by reason of the insolvency, or the imminence of insolvency, of the corporation, well known to the parties to the transaction, at the time the assignment was made. The principal witness to the transaction was Eugene C. Bell, the president of the E. C. Bell Manufacturing Company. His testimony relating to the condition of the company at the time the assignment of the claim on the insurance policy was made to the plaintiff was, in one aspect of it, such as to indicate that the assignment was a bona fide transfer of the claim, was not made while the company was actually insolvent, or when insolvency was imminent, and would have justified a jury in concluding that the transaction was not tainted with the infirmity attrib-

uted to it by the defendant. On the other hand, his examination disclosed that he had, at about the time the assignment was made, caused schedules of the liabilities and assets of the E. C. Bell Manufacturing Company to be prepared, from which it would appear that the company was insolvent when the assignment to the plaintiff was made, and which would authorize the inference that such assignment was made in view of the insolvency of the company, and to give a preference to the plaintiff. The learned judge presiding at the trial was convinced that the assignment was made for the purpose of defrauding other creditors of the E. C. Bell Manufacturing Company, and that there was evidence to show, by the testimony of Mr. Bell himself, that the corporation, at the time the assignment was made, was insolvent, and that it was made as a preferential assignment, distinctly prohibited by law, and thereupon he directed a verdict for the defendant. If the case had been tried, as it should have been, as one in equity, the entire disposition of which was with the court, we should not feel inclined to differ with the view which the learned judge took of the effect of the testimony and of the credibility of the witness Bell; but as the case was tried, by the acquiescence of the parties, as one at law, the question of the credibility of the witness, and the effect of the testimony, should have been submitted to the jury. It was the belief of the trial judge that controlled, he having directed a verdict; and the jury were thus compelled to accept his view of the evidence, instead of their own. In Williams v. D., L. & W. R. Co., 155 N. Y. 162, 49 N. E. 672, it was declared that the rule and policy of the law is to allow all testimony to go to and be weighed by the jury, and that the question of credibility is in all cases one for the jury, and hence, where the plaintiff's testimony differs from that which he has given on a previous trial, and, if credited by the jury, would have entitled him to a verdict, the trial court has no right to treat it as untrue, as matter of law, and take the case from the jury, but should leave it to them to say whether the testimony is entitled to belief. Here the plaintiff undertook to explain the statements contained in the schedules, which were contradictory of the testimony he gave on the trial, respecting the condition of the company when the assignment was made to the plaintiff. The whole of his testimony should have gone to the jury. In view of the way in which the case was tried, there seems to be no alternative to a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur; VAN BRUNT, P. J., in result.