(59 Misc. Rep. 408.)

SCHREIBER v. DRY DOCK SAVINGS INSTITUTION et al.

(City Court of New York, Special Term.    May, 1908.)

1. JURY—EQUITY CASES.
    Where plaintiff brings an action at law in the City Court, but by interpleader proceedings, under Code Civ. Proc. § 820, it becomes an equitable one, it is triable without a jury at any Trial Term when regularly reached on the calendar.

2. TRIAL—CALENDAR—PREFERENCES.
    Rule 19 of the City Court, giving a preference to all equity cases, is not applicable when an action at law has become an equitable one by interpleader proceedings, under Code Civ. Proc. § 820.

Action by William Schreiber against the Dry Dock Savings Institution and others. Motion for a preference denied.

Fischer & Rosenbaum, for plaintiff.
Frank M. Tichenor, for defendant Dry Dock Savings Institution.
Boskowitz & Levy, for defendant Kaiser.
House, Grossman & Vorhaus, for defendant Freeman.
Fromme Bros., for defendant Fromme.

DELEHANTY, J.    By reason of proceedings taken pursuant to section 820, Code of Civil Procedure, this action, originally one at law, has become equitable in nature and is now triable by the court, as neither party thereto has a right to a jury trial. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798.

It is not claimed that this court has, by virtue of the interpleader granted herein, lost jurisdiction of the subject of the action; nor could it well be, in view of the decision of the Appellate Term in Krugman v. Hanover Fire Ins. Co., 45 Misc. Rep. 346, 90 N. Y. Supp. 448, where it is directly held that this court not only has power to grant an order of interpleader, but thereafter to try the cause without a jury. But the question presented is whether, under rule 19 of this court, this cause, in view of the circumstances, is one which must be tried in part 4 thereof. I think not. It has never been held that this rule applies to actions at law which subsequently, by reason of proceedings taken under section 820 of the Code, became equitable. This action, in my opinion, can be tried at any of the Trial Terms of this court when regularly reached in its order upon the calendar. It should not be preferred over the numerous other cases upon the calendar, unless entitled thereto under section 791 of the Code.

As this case reaches me for trial upon the theory that it is entitled to a preference under said rule 19, all equity cases having been transferred from part 4 to parts 6 and 7 for trial, I am constrained by reason of the foregoing to deny the application of plaintiff to restore the same to the day calendar of part 7; it having been sent by me to the general calendar when originally called for trial on April 27, 1908. If by the order of interpleader the original defendant herein has been discharged and the sole defendants are executors, then he may have a preference and a speedy trial.

Ordered accordingly.