SURNEAR v. PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY CITY et al.

SAME v. SEAMEN'S BANK FOR SAVINGS et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

Appeal from Special Term, Richmond County.

Actions by Mary E. Surnear, as administratrix of John Surnear, against the Provident Institution for Savings in Jersey City and Annie E. Lozier, and against the Seamen's Bank for Savings and Annie E. Lozier. From judgments for plaintiff, and an order denying motions to strike the cases from the calendar, defendant Lozier appeals. Affirmed.

See, also, 134 App. Div. 932, 118 N. Y. Supp. 1145.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Frank N. Innes, for appellant.
James Burke, Jr., for respondent.

PER CURIAM. Judgment affirmed, with costs.

BURR, J. I dissent, solely upon the ground that the defendant Annie E. Lozier, the only defendant appealing, is entitled as matter of right to a jury trial. Code Civ. Proc. § 968. Plaintiff states a cause of action against this defendant to recover a chattel, to wit, a bank book. Plaintiff also attempts to state a cause of action against the defendant banks to recover a sum of money only. Whether these causes of action may be united or not is not before this court. If there was an improper joinder, it was waived by omission to demur on that ground. The action is not an interpleader in equity. Such an action may only be brought by one who has a fund which it is willing to pay over, but does not know to which of two rival claimants to make payment. Nor is it the case of where the holder of a fund has been sued by one of the claimants, and by motion has interpleaded the other and paid the money into court pursuant to the provisions of section 820 of the Code of Civil Procedure. This would give the action the character of a bill of interpleader. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798. Inasmuch as the causes of action are separate and distinct, and the only cause of action against the defendant appellant is one in which a jury trial is secured to her upon

seasonable demand by constitutional provision, and inasmuch as the objection was properly taken to proceeding without a jury, this constitutes error for which the judgments should be reversed.

THOMAS, J., concurs.