(46 Misc. Rep. 16.)

MERCANTILE TRUST CO v. CALVET–ROGNIAT et al.

(Supreme Court, Special Term, New York County. December, 1904.)

1. INTERPLEADER—ACTION BY DEPOSITARY.

　　Where a depositary holds money claimed by several parties, he should be allowed to pay it into court; and a claimant will be restrained from prosecuting an action against it where the claim arose on doubtful questions of law, which the depositary could not determine without hazard.

　　[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interpleader, §§ 6, 9, 11.]

2. SAME—HOSTILE INTEREST.

　　Where a depositary seeks to pay moneys claimed by different parties into court, an interest in the controversy hostile to one claimant is not shown by the fact that when sued by such claimant he interposed an answer denying his right to the fund.

**3. DEPOSITIONS—USE ON MOTION.**

An application to take depositions of officers of a corporation, to be used on a motion, will be denied where it appears from the opposing affidavits that they have no knowledge of the facts sought to be established.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 52.]

Action by the Mercantile Trust Company against Pierre Calvet-Rogniat and others.    Motion to pay money into court granted.

Bainbridge Colby, for plaintiff.

Coudert Bros., appearing specially for Pierre Calvet-Rogniat.

Dittenhoefer, Gerber & James, for defendant Young.

Maurice B. Blumenthal, for sheriff.

SCOTT, J.   This is an action for interpleader with respect to a certain fund now on deposit with plaintiff, and to which the several defendants make conflicting claims.   The money was remitted from Paris by the defendant Calvet-Rogniat through a firm of bankers, and placed on deposit with plaintiff.   The fact undoubtedly is that the money was transmitted as part payment of a subscription to a much larger amount which Calvet-Rogniat had previously made to a proposed issue of bonds by a corporation known as the United States Shipbuilding Company.   Calvet-Rogniat claims that, by reason of certain facts in connection with the organization of said company which occurred or came to his knowledge after his subscription and remittance, he is entitled to have his money back.   The defendant Commonwealth Trust Company, successor of the Trust Company of the Republic, claims to be entitled to receive the fund under the terms of the underwriting agreement whereby Calvet-Rogniat agreed, as well with the shipbuilding company as with the plaintiff and with the other subscribers to the underwriting agreement, that he would subscribe, receive, and pay for a large amount of said bonds.   The defendant John W. Young claims to be entitled to receive the money under an alleged assignment or order purporting to be signed by said Calvet-Rogniat, and the defendant Mitchell L. Erlanger, sheriff, claims to be entitled to receive a part of the sum under an attachment in his hands against the property of said Calvet-Rogniat.   The present motion is for an order permitting the plaintiff to pay into court the money in dispute, and restraining the defendants severally from prosecuting their actions or any action against the plaintiff for the recovery of said fund. No defendant appears to oppose the motion except Calvet-Rogniat, but he opposes it vigorously.   The plaintiff, by its complaint and the accompanying affidavits, shows all the necessary facts to entitle it to maintain the action.   It makes no claim upon the fund, states the fact of the conflicting claims thereto, and the general nature of each claim, and professes its own impartiality and freedom from collusion with either party.   It is also made entirely clear that the opposing claims to the fund rest upon disputed questions of both law and fact, which the plaintiff could not undertake to determine in favor of either claimant without hazard to itself.

The defendant Calvet-Rogniat bases his opposition to the motion

upon the grounds, first, that the plaintiff is not now, and has not been, impartial or indifferent between the several claimants; secondly, that it has not been honestly diligent in the presentation of its bill in equity, but has forced upon the objector a litigation respecting his claim to the fund; thirdly, that it has full cognizance of the facts and of its own liability; and, fourthly, it has a manifest and direct interest in the controversy, because it is a party to the contract under which Calvet-Rogniat subscribed to the bonds and deposited the money.

The first two objections are based upon the fact that the plaintiff has defended an action at law brought by the said Calvet-Rogniat, and interposed therein an answer denying his right to receive back the deposit. This circumstance does not of necessity show any hostility to Calvet-Rogniat, so far as concerns the controversy between himself and the other claimants, for it does not appear that plaintiff's defense to that action involved any assertion that it was entitled to retain the money, or amounted to anything more than a denial of Calvet-Rogniat's right to recover it. That defense, while it may have been intended to put the plaintiff in that action to his proof, should not be held to show such hostility to him as to amount to partiality. Nor does it appear that the said Calvet-Rogniat has suffered by reason of any delay in bringing this action. True, the action has been pending for some time, but it is not made to appear that such delay was contrived by the plaintiff, or that the plaintiff is not amply responsible. That there would be hazard to plaintiff if it undertook to decide at its peril between the claimants cannot be questioned, and there is nothing whatever, so far as appears, in the underwriting agreement, to justify the forcing upon plaintiff of an interest in the fund which it expressly disclaims. The circumstances present a proper case for entertaining an action for interpleader. Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991.

The defendant Calvet-Rogniat moves in this action, as he did in the action against this plaintiff, for the appointment of a referee to take the depositions of certain officers of the plaintiff, to be read on the principal motion. It appears that the officers, if examined, would not swear to what the defendant seeks to prove by them, because, as to all the relevant statements of fact sought to be so established, they either have no knowledge, or assert that the contrary is true. Their examination would not, therefore, result in establishing the facts sought to be established by their depositions, and it would be useless to order a reference.

This motion must therefore be denied, with $10 costs, and the plaintiff's motion for leave to pay the fund into court, and to enjoin pendente lite the prosecution by any defendant of actions against the plaintiff with respect to such fund, and ordering the defendants to interplead between themselves, must be granted, upon condition, however, that plaintiff complies or tenders compliance with the terms imposed upon it by the order to be entered in the action of Calvet-Rogniat against said plaintiff as a condition of relieving it of the stipulation made in its behalf in that action. The form of the orders to be entered herein may be settled on two

days' notice, and the question as to what other conditions, if any, should be inserted in the orders, or either of them, will be considered at that time.

Ordered accordingly.