(72 Misc. Rep. 375.)

### UNITED STATES MORTGAGE & TRUST CO. v. VERMILYE & POWER et al.

(Supreme Court, Appellate Term.    June 29, 1911.)

**1. COURTS (§ 188*)—JURISDICTION—CITY COURT.**

By express provisions of Code Civ. Proc. § 3347, subds. 4, 6, the City Court of New York City has jurisdiction of an action of interpleader instituted under section 820a, as added by Laws 1908, c. 285.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

**2. COURTS (§ 189*)—JURISDICTION.**

The jurisdiction of the court, under Code Civ. Proc. § 820a, as added by Laws 1908, c. 285, to make an order permitting plaintiff in interpleader to pay the money into court and be discharged, is not affected by mere charges of plaintiff's bad faith and collusion, when it appears, as expressly provided in the section, "upon satisfactory proof by affidavit or otherwise" that the allegations of collusion are not well founded.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

**3. COURTS (§ 189*)—JURISDICTION.**

Where the City Court has jurisdiction in an action of interpleader, under Code Civ. Proc. § 820a, as added by Laws 1908, c. 285, it possesses the powers necessarily incident to such action, and may restrain hostile claimants from prosecuting an action in the City Court to recover against the plaintiff.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from City Court of New York, Special Term.

Action of interpleader by the United States Mortgage & Trust Company against Vermilye & Power and A. Jeannette Stokes Wilkins, brought under section 820a of the Code of Civil Procedure in the City Court of the City of New York. From an order made therein, defendant Wilkins appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Henry J. Goldsmith, for appellant.

Krauthoff, Harmon & Mathewson (Edward J. Patterson, of counsel), for respondent United States Mortgage & Trust Co.

Dwight W. De Motte, for respondent Vermilye & Power.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This is an action of interpleader instituted under section 820a of the Code of Civil Procedure.

The complaint alleges that the plaintiff is a domestic corporation organized under the banking law of the state of New York; that on April 1, 1911, one Van Dorn S. Wilkins, who then had a banking account with plaintiff, deposited with it for collection for the account of himself, doing business as the "Yellow Pine Hardwood Lumber Company," a certain sight draft for the sum of $450, drawn by defendant A. Jeannette Stokes Wilkins, in favor of the plaintiff, against the Downing Company of Brunswick, Ga., and that the plaintiff undertook the collection thereof; that said draft was paid by the drawee to the plaintiff, by whom the proceeds are still held; that Vermilye & Power, a domestic corporation, recovered a judgment against said Van Dorn S. Wilkins for the sum of $534.40, upon which execution has been duly issued, and that said judgment remains wholly unpaid; that Vermilye & Power instituted supplementary proceedings against said Van Dorn S. Wilkins, and on April 28, 1911, an order was served on plaintiff, requiring and directing the plaintiff to pay to the sheriff of the county of New York the sum of $562.94, deposited by said Van Dorn S. Wilkins with the plaintiff, said sum including the sum of $450 collected on the above-mentioned draft; that on April 15, 1911, an action was instituted against the plaintiff by the defendant A. Jeannette Stokes Wilkins, as plaintiff, wherein she demanded judgment against the plaintiff for the proceeds of the aforesaid draft, amounting to $450, with interest. The complaint also alleged "that the aforesaid sum of $450 is claimed adversely by each of the defendants in this action, without any collusion on the part of plaintiff, and that plaintiff has no beneficial interest in said sum, or any part thereof, and cannot determine without hazard to itself to whom the same should be paid, and is ignorant of the respective rights of said claimants," and that plaintiff is ready to pay said sum, with interest, to whatever party is entitled thereto, and offers to pay the same, with such interest, into court, and that the plaintiff is without adequate remedy at law. The complaint demands a judgment of interpleader, and that plaintiff be permitted to pay the aforesaid sum, with interest, into court, and that upon such payment it be discharged from any further liability to any of the parties to this action, and that the defendant be enjoined from any further proceeding against the plaintiff.

On May 11, 1911, an order was entered, upon a motion made by the plaintiff, permitting the plaintiff to pay said sum into court, and providing that:

"Upon making such payment and deposit, plaintiff shall stand discharged from any further liability to any of the defendants in this action on account of the aforesaid sum of $450 and any interest thereon, and be dismissed from the further prosecution of this action."

This order also directed that, upon compliance by the plaintiff with its terms, the defendants, and each of them, and each of their attorneys, "be and they hereby are permanently restrained from instituting or prosecuting any proceeding against plaintiff for the

payment or recovery of the aforesaid sum of $450 and· interest, or any part thereof." From this order the defendant A. Jeannette Stokes Wilkins appeals to this court.

[1] The appellant contends that the City Court of the city of New York has no .jurisdiction of an action of interpleader. Section 820a of the Code of Civil Procedure. was added to the Code by chapter 285 of the Laws of 1908. It went into effect September 1, 1908. This section distinctly authorizes a statutory action of interpleader, and permits a debtor in a case specified therein to "bring suit in any court having jurisdiction thereof and of the parties." Section 820a is a part of chapter 8 of the Code of Civil Procedure, and chapter 8 is by subdivisions 4 and 6 of section 3347 of the Code expressly made applicable to the City Court. Doubt has been expressed as to whether section 820 of the Code, which provides for interpleader by order, is applicable to the City Court. That doubt was removed by the decision of this Court in Krugman v. Hanover Fire Ins. Co., 45 Misc. Rep. 346, 90 N. Y. Supp. 448. In that case Mr. Justice Bischoff, in rendering the opinion of the court, called attention to the case of Wells v. Corn Exchange Bank, 43 Misc. Rep. 377, 87 N. Y. Supp. 480, which held that the entry of an order of interpleader would divest the City Court of jurisdiction of the action, and said:

"When deciding the Wells Case the attention of the court does not appear to have been called to the fact that section 820 of the Code was by express provision of the statute made applicable to the City Court of the city of New York. Code Civ. Pro. § 3347, subd. 4; Jacobs v. Liberman, 51 App. Div. 542, 64 N. Y. Supp. 953. And since it was competent for the Legislature to confer equitable jurisdiction upon the City Court, either expressly or by necessary implication, the objection that the exercise of equitable powers would exceed the court's jurisdiction cannot apply to such a case as this. We are of opinion, therefore, that the Wells Case, so far as it decides to the contrary, should not be followed upon the present appeal."

The same reason which exists for holding that the City Court has jurisdiction to proceed with an action after the entry of an order of interpleader under section 820 of the Code exists for holding that that court has jurisdiction of an action of interpleader instituted under section 820a of the Code.

[2] It is further contended ·by the appellant that an order under section 820a cannot be made, permitting the plaintiff to pay the money into court and be discharged, where the material allegations of the complaint are denied, and the plaintiff is charged with bad faith and collusion. It is a complete answer to this contention to point out that this practice is specifically sanctioned by the provisions of section 820a, where it appears to the court "upon satisfactory proof by affidavit or otherwise" that the requirements of the statute have been complied with. In this case the affidavit presented upon the· motion which was made in the action justified the court in concluding that the plaintiff had not acted in bad faith or in collusion with any of the claimants. The jurisdiction of the court to make the order sanctioned by section 820a cannot be affected by the mere allegation of bad faith and collusion, when the proof submitted upon the motion satisfactorily proves that such a claim is not well founded.

[3] The appellant also contends that the City Court was without power to make the clause in the order appealed from restraining the defendant from prosecuting the action for the recovery of the fund in question against the plaintiff. The order appealed from does not assume to restrain the action of any other court, but merely re- strains the parties to the present action from taking such proceeding as would render ineffective the order made in this action. The re- straint of hostile claimants is an ordinary incident to an action of interpleader, and is necesary to effectuate the purposes of the action. Mercantile Trust Co. v. Calvet-Rogniat, 46 Misc. Rep. 16, 93 N. Y. Supp. 238; Crane v. McDonald, 118 N. Y. 648–650, 23 N. E. 991; 23 Cyc. 29.

While the action of interpleader is in its nature equitable, since the City Court has jurisdiction to entertain it, it follows that the City Court is possessed of these powers which are necessarily in- cidental to such an action. Every power that is necessary in order to enable the court to completely execute the jurisdiction conferred upon it is possessed by it as a necessary implication from the powers ex- pressly granted. Connor v. Schaeffel, 19 Civ. Proc. R. 378, 11 N. Y. Supp. 737.

We have examined the other objections raised by the appellant, but do not think that they require further discussion.

Order affirmed, with $10 costs and disbursements. All concur.