(74 Misc. Rep. 582.)

KATZ et al. v. WITT.

(City Court of New York, Trial Term. December, 1911.)

1. COURTS (§ 188*)—INFERIOR COURTS—CITY COURT.
    Under Code Civ. Proc. § 820, providing that a defendant, against whom an action on a contract is pending, may, upon proof that a person not a party to the action makes a demand against him for the same debt, apply to the court upon notice to that person and to the adverse party for an order to substitute that person in his place and discharge him from liability on his paying into the court the amount of the debt, the City Court of the City of New York has jurisdiction of an action for the benefit payable on the death of a member of a fraternal association ; and, an adverse claimant having been interpleaded, the court has jurisdiction to determine the conflicting claims, though questions of equity jurisprudence are involved.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

2. INSURANCE (§ 775*)—MUTUAL BENEFIT INSURANCE—RIGHT TO PROCEEDS—BENEFICIARY NAMED BY INSURED.
    A member of a fraternal benefit association, having complied with its rules, may direct the beneficiary to distribute the fund according to the provisions of the member's last will.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1941; Dec. Dig. § 775.*]

3. INSURANCE (§ 793*)—MUTUAL BENEFIT INSURANCE—RIGHT TO PROCEEDS—PROVISIONS OF WILL.
    Where a member of a fraternal benefit association files with it a declaration designating defendant as the beneficiary, but directs him to distribute the fund according to his will, and by his will makes the fund a part of his residuary estate, the residuary legatee may enforce payment of the death benefit by the association, without invoking the intervention of the designated beneficiary.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1967–1972, 1979; Dec. Dig. § 793.*]

Action by Jacob Katz and another, as executors of the last will and testament of William Brill, against Julius Witt, individually and as trustee, interpleaded in the place of Independent Order Free Sons of Israel. Judgment for plaintiffs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Davis & Kaufmann, for plaintiff Katz.
Louis B. Hasbrouck, for plaintiff Brennan.
Maxwell Davidson, for defendant.

SCHMUCK, J. Upon the demise of William Brill there was born a dispute or controversy between these litigants. As a consequence of his death some one was entitled to receive the sum of $1,000 from the Mt. Vernon Lodge No. 71, Independent Order Free Sons of Israel. The plaintiffs and the defendant each claimed to be the proper recipient of said benefit. Each demanded payment. Upon the institution of suit by the plaintiffs, the order, aware of the adverse claim of the defendant and acknowledging its obligation to pay, requested the court to absolve it from the necessity of determining the legitimacy of these antagonistic demands. The application being granted, there was deposited with the city chamberlain, in accordance with the direction and order of Special Term, the sum of $990, to which the parties herein assert contrary rights. The disputants are, therefore, before the court by virtue of said interpleader.

At the outset it is advisable to proclaim that the obligation of the order to pay the benefit is beyond dispute. The materiality of this pronouncement is evident, when it is recalled that mere membership did not of itself create the right to the benefit. Certain compliance with the rules and regulations, which will hereafter be more fully set forth, was required before the benefit inured. Performance of these requirements is admitted by the order by its payment into court of the sum hereinbefore mentioned. The question remaining consequently is: To whom is the money so deposited to be paid? The plaintiffs demand it by virtue of the bequests contained in the probated testament of the decedent. The defendant bases his right thereto upon the declaration filed by the departed member with his fraternal organization. Upon investigation of this, at first blush, apparently simple question, various difficulties present themselves. Imprimis, has the court power to determine the validity of the claims? Will not such determination require the exercise of equitable jurisdiction?

[1] Conceding the court's lack of general equitable jurisdiction (Mack v. Kitsell, 20 Abb. N. C. 293), there yet remains the undisputable authority given to it by section 820 of the Code of Civil Procedure. All power, whether legal or equitable, necessary to a full exercise of the authority conferred must perforce be vested in the court. As was said in United States Mort. & Trust Co. v. Vermilye & Power, 72 Misc. Rep. 375, 130 N. Y. Supp. 303, it is competent for the Legislature to confer equitable jurisdiction upon the City Court, either expressly or by necessary implication. Again, in the authority last cited, it was determined that every power necessary to enable the court to completely execute the jurisdiction conferred upon it is possessed by it as a necessary implication from the powers expressly granted. It follows, as an undeniable sequitur, that the City Court has authority to entertain this action, having in the beginning thereof jurisdiction over both subject-matter and person. If the interpleader has added a ques-

tion of an equitable nature, the court is not thereby divested of its prerogative of determination.

The difficulty regarding the jurisdiction of the court having thus been overcome, the next question which presents itself concerns the legal effect of the designation made by the decedent. If the declaration filed with the lodge is conclusive upon the member, and he thereby conclusively ends his power of disposal, then no subsequent attempt to dispose of the benefit could be else but abortive. In Hellenberg v. District No. 1, 94 N. Y. 580, we discover the following expression concerning a member's right of disposal:

"He had simply a power of appointment, authority to designate the ultimate beneficiary, and that power and authority died with him, because it could only be exercised by him, and prior to his decease."

Again, in Sanger v. Rothschild, 123 N. Y. 577, 26 N. E. 3, the court gives voice to the following:

"The laws of the association, as found in its constitution, must govern the the rights of these parties. No member could dispose of his interest in the endowment fund contrary to those laws. .* * * No designation could be valid, unless made 'in accordance with the laws and rules' of the association."

Evidently, therefore, the member has only, as the courts have heretofore described, a power of appointment, which must not only be exercised by him in his lifetime, but also in accordance with the laws of the order.

In the matter awaiting decision, the laws of the order required the. member to make a designation upon a form prescribed by the by-laws. In accordance therewith, the decedent, upon such a form which he obtained from his lodge, designated the defendant, Julius Witt, trustee, as the beneficiary. The sufficiency thereof cannot here be questioned, inasmuch as the order has accepted it as sufficient. Its materiality in this issue depends upon its effect as a disposition or exercise of the power of appointment. If the exercise of the power requires a positive and unconditional disposition, then, regardless of the manner of designation, Julius Witt is alone entitled to the money deposited by the order. But, if it is no contravention of the law to make a conditional disposition, then heed must be paid to the language used in the declaration filed by the member with the lodge in order to learn his intention.

[2] No exhaustive search of the authorities will disclose a principle denying the right of conditional disposition. It is unquestionably the law that, as between the order and the member, no disposition of the benefit can be made by will: First, because the by-laws do not permit of it; and, second, because after death he no longer has any interest in it. Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582. But there is nothing in the law which prohibits a member who, complying with the laws of the order, directs the beneficiary to distribute the funds in accordance with the directions contained in his will. Such a disposal is not offensive to the by-laws of the order or to the law of the state as exemplified by Fink v. Fink, supra. There was, therefore, naught abhorrent in William Brill directing his beneficiary to dispose of the

fund as indicated in his will. Had he made a positive and unequivocal declaration in his testament, no difficulty would be experienced.

[**3**] Unfortunately he did not so express his intention. Seeking to dispose of that which he had conditionally confided to the defendant, he declared it to be part of his residuary estate. Not only that fact, but the language in which he made known his intention, presents the next difficulty of this issue. In his will he makes and gives the following directions:

"Fifth. I hereby order and direct that the bequest given and made by me of my endowment as a member of the Mt. Vernon Lodge, No. 71, of the Free Sons of Israel, to the institution named therein, be revoked and the sum due thereon become and be made a part of my residuary estate."

Seemingly this is an endeavor to exercise the power of appointment in a prescribed manner. Yet, upon consideration of the decisions which have determined the law of this state, it is not a violation thereof. Taking the will in connection with the declaration filed with the order, it at once becomes apparent that the power of appointment was made in the lifetime of the member and in accordance with the by-laws of the organization. As has been indicated, the mere fact that the person named was *to hold* only conditionally is immaterial, inasmuch as he was *to take* absolutely. Had William Brill, in the declaration filed with the association, named Julius Witt as beneficiary to take as trustee to give the fund upon Brill's death to the charitable institution named in his will, no doubt of the propriety of the claim of the institution to the fund could exist. What difference is there between such a disposition and the one upon which the plaintiffs predicate their claim? In the opinion of the court there is none. The means may be different, but the effect is the same. Instead of using one writing to make known his use of the power of appointment and disposition, the member in the case under consideration has used two. That cannot of itself defeat his wishes. The court finds no evasion of the law in the acts of the member. In strict compliance with the rules of the order he exercised his power of appointment in his lifetime. That is all that could be demanded of him. Neither the law of the state nor of the order required an absolute disposition of the fund in the lifetime of the member. That requirement applies only to the exercise of the power of appointment.

Having thus discovered the validity of the member's acts, we are ready to determine finally the rights of these litigants to demand payment of the fund. Undoubtedly, Julius Witt, since he is named as the beneficiary, would be the proper, and, strictly speaking, the only, person having the right to demand payment. But the law at all times endeavors to give force and effect to the desires and to effectuate the intention of the party in the simplest and most sensible manner. No better proof of that fact can be cited than Lawrence v. Fox, 20 N. Y. 268, whereby the principle of law that a person, even though not a party to the contract, may enforce it, if it was made for his benefit, was established.

Applying the reasoning of this irrefutable authority to the facts of this matter, the rights of the plaintiff to demand the benefits of the

contract made between Brill and the lodge must be indisputable. They are the ultimate beneficiaries, and, consequently, must have the right to enforce and sue upon the contract. To require payment first to the defendant, and then by him to the plaintiffs, would be ridiculous, since the result would be the same.

The plaintiffs' contentions, consequently, are upheld, and their right to the fund deposited judicially asserted.

Judgment accordingly.