NEWARK FIRE INSURANCE COMPANY and Others, Plaintiffs, *v.* REBECCA BRILL and JOSEPH A. ARNOLD, Appellants, Impleaded with LEO BRILL and Others, Defendants, and WELBILT STOVE Co., INC., Respondent.

First Department, June 18, 1937.

*Joseph A. Arnold,* for the appellants.

*Richard R. Levie* of counsel [*Black, Varian & Simon,* attorneys], for the respondent.

PER CURIAM.   This is an action of interpleader brought by plaintiffs insurance companies which paid the fund involved into court and were discharged from further liability.   Thereafter the action proceeded between various claimants to the fund to determine the question of their respective rights to share therein.

The court below granted summary judgment in favor of defendant Welbilt Stove Co., Inc., and against defendants Brill and Arnold, adjudging that the Welbilt Stove Co., Inc., had a valid lien on the fund for a specified amount which was prior to all other liens against the fund.

Defendants Rebecca Brill and Joseph A. Arnold claim the fund as judgment creditors of one Leo Brill, whom they allege was the equitable owner thereof, the nominal owner being defendant Roxy Plumbing & Heating, Inc., alleged to be the dummy of Leo Brill. Defendant Hyman Grill claims an attorney's lien for services rendered to the Roxy Plumbing & Heating, Inc.   Welbilt Stove Co., Inc., is a judgment creditor of Roxy Plumbing & Heating, Inc. The judgment creditors obtained no specific lien on the money involved herein by the mere entry of their judgments or the issuance of orders in supplementary proceedings.

The various defendants ask judgment declaring that the fund should be paid to them.   The action is thus one in equity involving the determination of the order of priority of the claims of the parties. Rule 113 of the Rules of Civil Practice does not apply either to the original action of interpleader or to the present dispute over the fund.   The action is not within subdivision 6 of rule 113, which relates to actions to enforce or foreclose liens.   The only lien involved here is that asserted by the attorney, who is one of many claimants, and the action does not partake of the nature of one to enforce his lien, being one to declare the rights of numerous claimants in a fund.   It is likewise plain that none of the provisions of rule 113, applicable to motions by defendants for summary judgment, support the present order.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the cross-motion of defendant-respondent for summary judgment denied.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CAL-LAHAN, JJ.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the cross-motion of the defendant-respondent for summary judgment denied.