FRANK FISCELLA, Plaintiff, *v.* ROSE FRIDMAN and SHENEL COSTUME Co., INC., Defendants.

Supreme Court, Special Term, New York County, September 27, 1938.

*Louis Engelberg*, for the plaintiff.

*Irving Sohon*, for the defendants.

MCLAUGHLIN (CHARLES B.), J.   A plaintiff may obtain a summary judgment under rule 113 of the Rules of Civil Practice only in an action coming within one of the first eight subdivisions of said rule.   The only equitable actions in which summary judgment is permitted are those enumerated in subdivisions 6, 7 and 8. Summary judgment may not be granted to a plaintiff in other equitable actions. (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459, 463; *Newark Fire Ins. Co.* v. *Brill*, 251 App. Div. 399; *Bohlken* v. *Title Guarantee & T. Co.*, 248 id. 722; *Anderson* v. *Title Guarantee & T. Co.*, Id. 895.)   The present action is brought under sections 60, 61 and 62 of the General Corporation Law to compel the individual defendant to account to the corporate defendant for her management and disposition of the assets of the corporation. It is, therefore, an equitable action and does not come within any of the first five subdivisions of rule 113 of the Rules of Civil Practice. Subdivision 3 of rule 113, authorizing a plaintiff to obtain summary judgment in an action " on a statute where the sum sought to be recovered is a sum of money other than a penalty," does not apply since that subdivision refers only to an action at law for a money judgment.   This is clear not only from its express wording, viz., " where the sum sought to be recovered is a sum of money," but

also from the fact that it is the third, among the first five subdivisions, which deal only with actions at law. It is only the last three subdivisions (subds. 6, 7 and 8) which relate to equitable actions. Motion for summary judgment is accordingly denied.