ESTHER ENGEL, Plaintiff, *v.* MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Defendant, and HOME OF THE DAUGHTERS OF ISRAEL, INC., Now Known as HOME AND HOSPITAL OF THE DAUGHTERS OF ISRAEL, INC., et al., Interpleaded Defendants.

City Court of City of New York, Special Term, New York County, November 21, 1944.

*Harry L. Koenig* for plaintiff.

*Harold H. Kissam* for Morris Plan Industrial Bank of New York, defendant.

*Charles Howard Levitt* for Home of the Daughters of Israel, Inc., now known as Home and Hospital of the Daughters of Israel, Inc., interpleaded defendant.

*William M. Schwartz* for Minnie Kohn, as administratrix of the estate of Ethel Schechter, deceased, interpleaded defendant.

BYRNES, Ch. J.    This is a motion to dismiss the action for lack of jurisdiction.

Initially this was an action at law, being a suit by plaintiff to recover moneys on deposit with the Morris Plan Industrial Bank of New York, the original defendant.  An adverse claim was presented to that bank by Home and Hospital of the Daughters of Israel, Inc., and also by another person, and these adverse claimants were interpleaded upon application of the bank, which deposited the money in court.

Thus the case has been transformed into a suit in equity. (*Clark* v. *Mosher,* 107 N. Y. 118; *Newark Fire Insurance Co.* v. *Brill,* 251 App. Div. 399.)

The original plaintiff now moves to dismiss the cause for lack of jurisdiction, contending that the City Court of the City of New York lost jurisdiction when the action at law was converted into a suit in equity.

Prior to the adoption in 1925 of the new section 15 of article VI of the Constitution of the State of New York it was consistently held that notwithstanding the granting of an order of interpleader the City Court of the City of New York retained jurisdiction of an action begun at law.  (*U. S. Mortgage & Trust Co.* v. *Vermilye & Power,* 72 Misc. 375; *Katz* v. *Witt,* 74 Misc. 582.)

I do not believe that the adoption of the said section 15 deprived this court of any of the jurisdiction it then possessed; certainly no intent to bring about such a result should be read into that constitutional amendment. Section 15 of article VI, insofar as it is material here, provides: "The city court of the city of New York is continued, and, from and after the first day of January in the second year following the adoption of this article, it shall have the same jurisdiction and power throughout the city of New York, under the name of the city court of the city of New York, as it now possesses within the county of New York and the county of Bronx * * * ". I think this provision should be read in conjunction with then existing law which was, as above indicated, well settled.

Proponent points to the following provision of the same section of the Constitution: "All civil actions or proceedings pending on said first day of January in the county courts of the counties of Kings, Bronx, Queens and Richmond, respectively, are hereby transferred to the city court of the city of New York for hearing and determination at terms held within the counties in which the same shall be pending, and, for the purpose only of such hearing and determination and the enforcement of the judgments rendered thereon, said city court shall have and exercise the equity jurisdiction previously vested in the respective county courts from which such cases are so transferred, but not otherwise ". Clearly the terminal words of the sentence, "but not otherwise ", are not applicable to and were not intended to diminish equity jurisdiction theretofore residing in the City Court of the City of New York as such.

Proponent also points to section 18 of article VI of the Constitution, but this section has no application to the situation. It constitutes a restriction upon power which the Legislature might otherwise have to "hereafter confer * * * equity jurisdiction "; it does not bear upon jurisdiction possessed by a court at the time of the adoption of the section. Furthermore, the City Court of the City of New York is not now a court created by the Legislature; it owes its present existence and

status to the constitutional amendment of 1925. Also, it was not " created since the first day of January, one thousand eight hundred and ninety-five ".

The application to dismiss the action for lack of jurisdiction is denied.