Vincent A. Lupiano, J.
Beargument in this matter was granted informally, and counsel have been heard and their briefs considered. As no order was entered herein upon the decision made July 11,1956, the motion, for summary judgment, has not been finally determined. Now, upon reargument, plaintiff’s motion for summary judgment is denied.
Three counts are included in the complaint, each of them for an accounting. But it is only where an action is brought ‘ ‘ For an accounting arising on a written contract, sealed or unsealed ” (Buies Civ. Prac., rule 113, subd. 8) that a motion for summary judgment may properly be made (see Fiscella v. Fridman, 169 Misc. 327, and cases there cited). An accounting is sought here because of alleged acts of conversion by the defendants. It is worth noting that even in an action at law for conversion a motion for summary judgment may not be made by the plaintiff (Formel v. National City Bank, 152 Misc. 275). Nor is the fact that a statute may be incidentally involved make this an action on “ a statute where the sum sought to be recovered is a sum of money other than a penalty ” (Bules Civ. Prac., rule 113, subd. 3). Plainly, the said subdivision 3 relates only to actions at law (Fiscella v. Fridman, supra).
I am also of the opinion that it is questionable whether the prior judgment upon which the plaintiff here relies is a binding adjudication with respect to the present action. An examination of the whole record of the prior action would be necessary in this connection. There is moreover considerable doubt as to the merits of plaintiff’s alleged causes of action in view of the fact that the infants whose interests in those choses in action have now allegedly passed to the plaintiff were not parties to the mortgage agreements complained of and thus no court approval was necessary with respect thereto. As to those infants there remained an open mortgage covering their undi *876 vided interests in the real estate involved, which could have been foreclosed at any time if payments were not made. There is no indication that the payments of which the plaintiff now complains were greater in amount than required by the original mortgage which bound the respective interests of the infants in the said real property.
Order signed.