MARIE V. TORMEY, Respondent, v. TRAVELERS INSURANCE COMPANY et al., Defendants and Third-Party Plaintiffs; HELEN TORMEY, as Guardian ad Litem for SHARON TORMEY, an Infant, Third-Party Defendant-Appellant.

Third Department, May 23, 1958.

*Frederick J. Meagher* for·appellant.

*Victor D'Adamo* for respondent.

*Hinman, Howard & Kattell* for defendants and third-party plaintiffs.

BERGAN, J. The decedent Charles Thomas Tormey had for some years been an employee of the International Business Machines Corporation. The employment had commenced in 1940 while he was a resident of New York and during this period a certificate of group life insurance was issued to him by the company on August 26, 1940, written by the Travelers Insurance Company (Group Life Policy No. G-7790).

In 1942 he became a resident of New Jersey where he married Helen Tormey, from whom he was divorced in 1946. Sharon Tormey is a child of that marriage. On May 1, 1946 a new group policy was issued to the employer by Travelers, Policy No. G-11466, replacing the earlier policy under which decedent's life was covered.

The policies were provided in New York State by the employer, which is a New York corporation; certificates of insurance were mailed to insured employees from the New York office of the employer; premiums were paid by the employer's office in New York to the insurance company's office in New York, and it is undisputed that "All contacts and matters" with the insurer relating to the group policies have been centered within the State of New York.

On June 26, 1950 the decedent married the plaintiff, Marie Victoria Tormey in New Jersey. At this time decedent was living in New Jersey and working in the Newark office of the International Business Machines Corporation. The group insurance policy then was payable to decedent's estate as beneficiary. On May 8, 1956 the decedent executed and delivered to the employer at its Newark office a change of designation of beneficiary. In this new designation the plaintiff was made sole beneficiary.

On May 18, 1956 the decedent was transferred by the employer from Newark to its office at Endicott, New York. He went to Endicott on May 19 with his wife and moved into the home of his sister at 2305 Tracy Street in that city where he intended to stay until he found an apartment or home for permanent occupation. He became ill and died 12 days later on May 31.

The change in beneficiary clause of the policy under which decedent was covered provided that "Any employee insured hereunder may designate a new beneficiary * * * by filing with the employer a written request for such change on forms furnished by the Company, but such change shall become effective only upon receipt of such request at the main office of the employer". Although the change in designation was delivered to the employer at its Newark office on May 8, as it has been noted, it did not physically reach the main office of the employer in New York until more than three weeks later on June 1. The decedent had died the day before. The delay in transmission within the employer's offices was not due to anything done by the decedent.

Decedent's widow brought this action against the employer and insurance company for recovery as beneficiary under the

policy; and since a claim also had been made against them on behalf of the child of decedent's first marriage, the defendants impleaded her and take the position they are ready to pay the benefits due under the policy in accordance with the judgment of the court.

The litigation continues, therefore, between the widow and the child of the decedent by his first marriage. The court at Special Term granted plaintiff's motion for summary judgment. We examine the record first to determine whether there are triable issues of fact and, if there are not, whether the legal points have been properly resolved.

Upon the authority of *Newark Fire Ins. Co.* v. *Brill* (251 App. Div. 399) appellant argues that summary judgment may not be granted in this kind of action because an action of "interpleader" is not listed in rule 113 of the Rules of Civil Practice among the actions in which summary judgment is available. But the decision in the *Newark Fire* case turned upon the fact that the action had become one for the determination of priority to a fund in court and was not then an action falling within subdivision 6 of rule 113 to "enforce or foreclose liens".

Here the action is one to recover a liquidated demand arising on contract and the issue is whether plaintiff or impleaded defendant is entitled to payment not of a fund, but of the amount of the obligation of a contract. This falls within subdivision 1 of rule 113 and summary judgment is an available remedy if there is no triable issue of fact. (*Greenfield* v. *Massachusetts Mut. Life Ins. Co.*, 253 App. Div. 51.)

The appellant argues that the triable issue arises over whether the law of New York or that of New Jersey is to be applied to determine the effect on the ultimate right to policy benefits of the election of the decedent to change the beneficiary filed with the employer on May 8. But on that issue the facts are entirely undisputed with one possible exception; and if they present no triable issue of fact the court is required to resolve as a question of law the controversy as to whether New York or New Jersey law applies to the case.

The residence of plaintiff widow now in New Jersey; the residence of the decedent in New Jersey at the time the change of beneficiary was made and his residence there for some years; his original residence in New York and his residence here when the predecessor policy was issued; his residence in New Jersey when the present policy was issued; the making of the contract of insurance by a New York corporation; its delivery in New York; its taking effect in New York; and the

requirements for its performance and payment of premiums and filing of claims in New York, are each undisputed facts in the record before us.

In the issue whether decedent was a resident of New York when he died, it is not disputed that he was transferred here by the employer to work in the Endicott office; that he physically moved here with his wife, and that he stayed at Endicott at the home of his sister until the time of his death. His widow swears that "After May 18, 1956, we moved to Endicott, New York, my husband having been transferred to his company's Endicott, New York, plant."

The former wife and guardian for the daughter swears that in 1942 "the deceased went to the State of New Jersey where he lived and remained a resident until the time of his death". Since the affiant was then divorced from the decedent, her conclusory words "lived and remained a resident", without showing any actual facts or knowledge of observed facts, are insufficient in our view to create a triable issue as to the physical removal of the decedent on May 18 to New York when his place of work was transferred. We hold, therefore, that decedent was a resident of New York at the time he died in this State.

Even if he continued to be a resident of New Jersey, we think the performance of the contract of insurance is to be governed by New York law. The employment for a New York corporation began in New York; the original insurance was issued here; the change in beneficiary was to be effective on being received in New York, payments were made here, and on the whole it must be said that there have been sufficient and continued contacts with New York to permit the application of New York law to the performance of the contract terms.

Appellant argues that many of the facts sworn to in the affidavits in support of the motion are not within her knowledge; and that she is, therefore, at a disadvantage in opposing the motion; but she is represented by counsel in New York; the particular direction of the deficiency of which she complains is not suggested; and she had the right to have depositions of any witness within the jurisdiction of the court taken in aid of her opposition to the motion, had she been so advised and had moved the court (Rules Civ. Prac., rule 120).

The New York law is clear upon the point that the delay of the employer in transmitting from its Newark office to its New York office the decedent's direction to change beneficiary, from May 8 when he filed it, to June 1 when it was received, did not defeat the change and that it must be deemed effective. As BLISS, J., noted for this court in *Greenfield* v. *Massachusetts*

*Mut. Life Ins. Co.* (253 App. Div. 51, 54, *supra*): "when an assured has done all within his power to effect a change the courts will give effect to his intention", citing, among other authorities *Luhrs* v. *Luhrs* (123 N. Y. 367) and *Lahey* v. *Lahey* (174 N. Y. 146).

Appellant's argument, in effect, is that the rule in New Jersey is less liberal in this direction than the law of New York, and that in New Jersey "a contract of insurance must be strictly complied with, and change of beneficiary form, to be effective, must reach the home office before insured dies". But the appellant cites no controlling New Jersey authority for this thesis; and the cases to which our attention has been directed by the respondent seem to point a different way to decision and to be harmonious with New York law. (*Prudential Ins. Co.* v. *Reid,* 107 N. J. Eq. 338; *Papp* v. *Metropolitan Life Ins. Co.,* 113 N. J. Eq. 522; *Goldberg* v. *Hudson County Nat. Bank,* 123 N. J. Eq. 269; *Metropolitan Life Ins. Co.* v. *Dinzik,* 141 N. J. Eq. 336.)

The order and judgment should be affirmed, without costs.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order and judgment affirmed, without costs.