JAMES FOLEY, Respondent, *v.* THE NEW YORK SAVINGS
BANK, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1913.)

Savings banks — deposit standing in name of decedent — action when
maintainable — acceptance of order — Code Civ. Pro. § 829.

An action is not maintainable on an order drawn against a
savings bank deposit, in the absence of proof of the acceptance of
the order; and its mere retention by the bank because not con-
vinced that it should pay is not sufficient.

Where the complaint in an action to recover a savings bank
deposit standing in the name of a decedent pleads a cause of
action based on an alleged acceptance and promise by defendant
to pay an order drawn on it by decedent, and, over exception and
objection, plaintiff testified that decedent before making the order
stated to him that he wished plaintiff to get the money, saying
" If I live, well and good, and if I do not, you can have it and
see after me and bury me decently and have a mass in church and
put a stone over my head," and on presentation of said order the
bank retained it until after the death of decedent and then refused
to pay it, the evidence is insufficient to justify a finding that
the bank ever accepted the order before the death of decedent; and,
in the circumstances, the mere retention of the order raised no
presumption of a promise to pay.

The evidence being insufficient to show any valid or complete
gift of the bank account, the second alleged cause of action based
on an assignment of the account by decedent to plaintiff must
also fail.

The bank's interest in the deposit was clearly one derived from,
through or under the decedent within section 829 of the Code of
Civil Procedure; and the admission of plaintiff's testimony as to
personal transactions with decedent was erroneous.

APPEAL by the defendant from a judgment of the City
Court of city of New York, entered upon a verdict ren-
dered in favor of the plaintiff by direction of the court, in an
action to recover a bank account standing in the name of a
decedent.

Webber & Webber (Edgar L. Ryder, of counsel), for ap-
pellant.

.    Thomas J. Meehan (Frederick W. Hamberg, of counsel),
for respondent.

Lehman, J.   The complaint in this action alleges two causes of action.   The first cause of action is based upon an alleged acceptance and promise to pay by the defendant of an order or draft drawn by Timothy Murphy upon the defendant.   The second cause of action is based upon an alleged assignment by Murphy of his account in the defendant bank.   At the trial it appeared that Murphy upon his death bed had executed an order as follows:

" $1529.85                          New York, *May* 14, 1912.
    " New York Savings Bank
    " Pay to James Foley or bearer, Balance of account
. . . . . . . . . .Dollars on account of Bank Book No. 202670.
" Present residence
    " 201 W. 141                          Signature
                                            his
                            Timothy  ✕  Murphy"
                                          mark

This order was made and acknowledged before a notary public who had been sent for that purpose by the bank upon the plaintiff's request.   The plaintiff testified over objection and exception that previous to the making of the draft Murphy stated to him that he wished him to get the money, saying, " If I live, well and good, and if I do not, you can have it and see after me and bury me decently and have a mass in church and put a stone over my head."   After Murphy made out this order the notary delivered it to the plaintiff who presented it to the bank.   The bank retained the order until after Murphy's death and then refused to pay it.   At the close of the testimony both sides moved for the direction of a verdict and the trial justice directed a verdict in favor of the plaintiff.

It sems to me that the plaintiff has failed to sustain the first cause of action because the evidence does not justify a finding that the bank ever accepted the order before Murphy's death.   It is true that they retained the order, but apparently they retained the order because they were not convinced that they should pay it.   It is also true that the

Supreme Court, Appellate Term, February, 1913.    [Vol. 79.

draft and bank-book were both marked " closed by payment," but apparently this notation was placed upon the papers by mistake and stricken off before the papers were returned to the plaintiff. In order that a retention of an order should give rise to an acceptance which will raise a primary obligation on the part of the drawee, the retention must be under circumstances from which a promise to pay may be presumed.

I think that the plaintiff has failed to sustain his second cause of action because the evidence is insufficient to show any valid or complete gift of the bank account. The decedent concededly made no absolute gift of the account to the plaintiff and the plaintiff has no claim upon this account unless the attempted gift is good as a gift *causa mortis.* A gift whether *inter vivos* or *causa mortis* becomes complete only when title to the subject matter has actually passed; until that time the gift is revocable and the death of the donor acts as a revocation. For this reason it has been generally held that the delivery of a check or order to pay constitutes no valid gift which becomes complete before the check or order is accepted or paid, while the delivery of a bank-book or certificate of deposit with intent to pass title to the indebtedness evidenced by the book or certificate does constitute a complete gift. See Glennan v. Rochester Trust & S. Dep. Co., 152 App. Div. 316; Ridden v. Thrall, 125 N. Y. 572. In this case the evidence is at most sufficient to show only such a delivery of an order drawn on the bank, but that order was certainly revocable by notice to the bank, and even knowledge that such an order was drawn does not render it obligatory on the bank to retain all or part of the deposit to meet it. See Attorney-General v. Continental Life Insurance Company, 71 N. Y. 325, 331. Under the contract between the bank and its depositor the order was not even a valid order unless presented with the bank-book. The bank-book is, therefore, made the actual evidence of the debt from the bank and no title to the debt can pass except by actual assignment or through some form of delivery of the bank-book with intent to pass this title. Unless such title has passed, the death of the donor revokes the

order. I do not mean by this statement, of course, that no delivery of an order to pay can of itself constitute a valid assignment, for there are many cases in this state in which orders drawn upon a particular fund have been held to constitute assignments either *pro tanto* or the entire fund. In all those cases, however, the order was complete in itself and given for value and the circumstances clearly showed an intent by the assignor to divest himself of title to the subject matter covered by the order. Where, however, the title to the particular fund is evidenced by particular *indicia* of title and the owner of the fund can obtain the fund only by an order and the presentation of these *indicia* of title an order constitutes practically only a power to draw the fund, and title to the fund passes only when the fund is reduced to possession or the *indicia* of title are delivered with intent to pass title to the fund. It is true that in this case the plaintiff did present the bank-book with the order, but the mere possession of the bank-book is but one of several elements necessary to the establishment of the plaintiff's cause of action. In addition the plaintiff must show that he came into possession of the bank-book by delivery from the decedent with intent on the decedent's part to divest himself of all right and title to the bank-book. See Dinley v. Mc-Cullagh, 92 Hun, 454.

The trial justice erred also in the admission of plaintiff's testimony of personal transactions with the decedent. The bank's interest in the deposit fund is clearly an interest derived from, through or under the deceased person within the meaning of section 829 of the Code, and this fact appears not only from the evidence but from the pleadings.

Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

SEABURY and PAGE, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.